532 A.2d 792

**Barbara MOLINEUX, Administratrix of the Estate of Michael T. Dalton, Deceased, Appellee,**

v.

**Dr. Robert REED, Dr. R.J. Critchlow, Dr. Arthur Baker, Dr. M. Zee, Emergency Medical Associates, and Taylor Hospital, Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1987.

Decided Oct. 15, 1987.

Robert F. Rossiter, Daniel P. Finegan, Philip M. Colicchio, Philadelphia, for Taylor Hosp.

Kathleen M. Kramer, Philadelphia, for appellant.

Raymond J. Quaglia, Philadelphia, for Molineux.

James J. McEldrew, Philadelphia, for E.M.A., Baker & Zee.

400

John S.J. Brooks, Media, for other appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

OPINION OF THE COURT

PAPADAKOS, Justice.

The facts in this case are as follows: Appellee, Barbara Molineux, is the Administratrix of the estate of her brother, Michael T. Dalton. Mr. Dalton died at Taylor Hospital on October 20, 1979, some ten hours after admission for injuries sustained in an automobile accident. Appellee instituted suit against Appellants in the Court of Common Pleas of Delaware County on November 6, 1981, two years and seventeen days after Mr. Dalton's death. Appellee sought to recover damages, pursuant to the Pennsylvania Wrongful Death and Survival Statutes, for the alleged negligent treatment and wrongful death of the decedent. Defendants in the suit, Appellants herein, included four doctors, Emergency Medical Associates, and Taylor Hospital. Defendant–Appellants all responded to the Complaints filed against them by raising as New Matter, pursuant to Pa.R.C.P. 1030, the defense of the current two-year statute of limitations.[1] Appellee's Reply asserted that the reason the action was not filed within two years from the date of death was that Taylor Hospital "refused" to make the records of decedent's treatment available even after "repeated" requests (R. 44a). Defendant–Appellants moved for summary judgment on the grounds that the action was barred by the statute of limitations, but the trial judge, the Honorable

1. The current statute provides, in relevant part, as follows:
   The following actions and proceedings must be commenced within two years:

   . . . . .

   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another....
   42 Pa.C.S. § 5524.

Dominic D. Jerome, initially declined to dismiss the Complaints since there were factual issues in dispute.

Counsel for each party stipulated that the trial judge alone would determine the applicability of the statute of limitations as to all of the defendants (R. 149a). A hearing was held before Judge Jerome on March 19, 1984, at which the testimony of two sworn witnesses (both testifying for Appellee) was taken in open court on the disputed factual issues (R. 148a–216a). At the conclusion of this hearing, Judge Jerome dismissed the action and entered judgment in favor of all defendants on the grounds that the action was time-barred (R. 233a–225a). Judge Jerome subsequently filed a Memorandum Opinion confirming his decision of March 19, 1984, 346 Pa.Super. 639, 499 A.2d 404, to dismiss the Complaints. Appellee argues (and Superior Court agreed) that the hearing Judge Jerome conducted was on the motions for summary judgment, and that Judge Jerome, in fact, granted summary judgment to Defendant–Appellants. Defendant–Appellants contend that the hearing was, in essence, a bench trial; that Judge Jerome made determinations of a factfinder weighing the evidence; and that he entered judgment pursuant thereto.

After a careful review of the record, we conclude that the latter interpretation of what happened is entirely accurate. Pa.R.C.P. 1035 dealing with the "motion for summary judgment" makes no provision for a factual hearing. At most, it provides for the use of affidavits in resolving the motion. What Judge Jerome did here, with the obvious consent of all parties, was to bifurcate the case, and hold a full hearing or bench trial on the statute of limitations question, a subsidiary issue. He then decided the statute of limitations question on the disputed facts. *See, Schaffer v. Batyko,* 227 Pa.Superior Ct. 62, 323 A.2d 62 (1974). Judge Jerome's Opinion clearly indicates that this was *his* view of what was done, and it is the only conclusion consistent with Rule 1035 which provides, in subsection (6), for the rendering of summary judgment only where "... there is no genuine issue as to any material fact...." A hearing to take the

testimony of witnesses, where any party is free to call witnesses, takes the matter beyond the realm of summary judgment because the factfinder has now been given the opportunity to weigh evidence and determine credibility, if necessary.

The trial court summarily rejected applicability of the so called discovery rule as a possible means of extending the two year statute of limitations, relying on this Court's decision in *Anthony v. Koppers Company, Inc.*, 496 Pa. 119, 436 A.2d 181 (1981). In that case, we held that the so called discovery rule, which provides that a statute of limitations commences to run from the time an injury or cause of action becomes known, or from the time that one using all due diligence should have discovered the injury or cause of action, did not function so as to extend the period for filing wrongful death or survival actions.

At the trial or hearing, Appellee attempted to show that Defendant–Appellants were estopped from asserting the defense of the statute of limitations because they allegedly lulled Appellee and her attorney into a false sense of security causing them to rely (to their detriment) on promises to send hospital records, which promises it took over nine months to fulfill. This alleged fraud or concealment was only chargeable, of course, to Defendant–Appellant Taylor Hospital. The other Defendant–Appellants could not, therefore, be properly held to be estopped to raise the statute of limitations defense because of Taylor Hospital's conduct, and the trial court summarily concluded the same.

As to Taylor Hospital, the trial court concluded after the evidentiary hearing that no fraud or concealment had occurred.

The governing principles relevant to the establishment of a claim of estoppel based on fraud or concealment are as follows. Where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry," the defendant is estopped from invoking the bar of the statute of limitations. *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963).

Moreover, defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient. *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967); *Nesbitt v. Erie Coach Company*, 416 Pa. 89, 204 A.2d 473 (1964). Mere mistake, misunderstanding or lack of knowledge is insufficient however, *Schaffer v. Larzelere, supra;* and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party. *Nesbitt v. Erie Coach Company, supra.*

The evidence as found by Judge Jerome indicates that counsel for Appellee first requested her decedent's records from Taylor Hospital by letter dated March 21, 1980. Enclosed in the letter was an authorization for the release of records. In June, 1980, Appellee's counsel's associate attorney called Taylor Hospital to ascertain why the records had not been sent. A representative of the Hospital said the records would be forthcoming shortly. A month later, another inquiry was made to the Hospital regarding the whereabouts of the records. On December 4, 1980, a letter was sent to the billing department at Taylor Hospital again requesting the records. A week after this letter was sent, a spokeswoman from the medical records office at Taylor Hospital called and informed counsel's associate that the records would not be sent out until they received a "short certificate." [2] Counsel's associate attorney sent out another letter of request on December 18, 1980, with the appropriate short certificate. The records were forwarded on or about December 23, 1980, to counsel's office.

The trial court found that the evidence failed to disclose any fraud or concealment on the part of the Hospital. Requests were made to the Hospital on a few occasions and apparently went unanswered, concluded the trial court,

2. A "short certificate" is a short standard form issued by the Register of Wills Office, in this instance from Delaware County, showing that an estate has been opened in the name of the decedent, here Michael T. Dalton. Confidential hospital records of a decedent cannot ordinarily be released until the hospital officially knows that an estate has been opened in the decedent's name, and that the personal representative is empowered to act on behalf of the estate.

because counsel failed to send the short certificate. When this document was finally sent, the Hospital responded immediately and sent the records. The trial court therefore dismissed the action as to Taylor Hospital, as well as to the other defendants. Judge Jerome's Opinion also notes that although there had been a delay of approximately ten months by the Hospital in providing the records, there was still ample time for Appellee's counsel to determine whether or not there was a cause of action against Taylor Hospital. Counsel did not institute a timely action even though counsel received and reviewed the hospital records ten months before the statute of limitations ran. This unexplained lack of diligence does not tilt the equities in favor of Appellee.

Nevertheless, Superior Court (Montemuro, Roberts and Bloom,[3] JJ.) reversed in a Memorandum Opinion. While conceding that it was possible to conclude that Taylor Hospital's delay in sending the records was due to mere mistake or misunderstanding, Superior Court thought that it was equally possible to infer that the delay here was occasioned by fraud or concealment. Since conflicting inferences could be drawn from these facts, Superior Court determined that the supposed *grant of summary judgment* in favor of Taylor Hospital had been improper. Superior Court also found that summary judgment had been improperly granted because the trial court's conclusion that *Anthony v. Koppers Company, Inc., supra,* precluded application of the discovery rule to wrongful death and survival actions was erroneous. Superior Court reasoned that *Anthony v. Koppers Company, Inc.* had been based on the language of the previous statutes of limitation for wrongful death and survival actions, but that the discovery rule *would* apply to wrongful death and survival actions under 42 Pa.C.S. § 5524(2). In support of this conclusion, Superior Court relied on its own opinion in *Pastierik v. Duquesne Light Co.,* 341 Pa.Superior Ct. 329, 491 A.2d 841 (1985),

---

**3.** Judge Louis A. Bloom, Senior Judge of the Court of Common Pleas of Delaware County, sitting by designation.

which we have since reversed, however, at 514 Pa. 517, 526 A.2d 323 (1987).

We granted allocatur because we were dismayed by the state of the record in which there was apparent confusion on the part of all concerned about whether summary judgment had been granted, and because we were likewise concerned by the refusal of the Superior Court to follow this Court's recent decision in *Anthony v. Koppers Company, Inc., supra.* For the reasons set forth below, we reverse.

It is discernable from this record that a summary judgment was not granted here, and that one could not have been granted under Pa.R.C.P. 1035 once the trial judge, by agreement of the parties, took sworn testimony in open court at an adversarial type hearing. Summary judgment is an "eyes-only" procedure. The trial court's judgment here was entered after a full non-jury trial on the statute of limitations issues. It is entitled to the same deference on review than any other judgment deserves, which has been entered after a full trial on the merits before a judge.

It is also clear from this record that there is no substantial evidence that Taylor Hospital engaged in fraud or concealment, intentional or otherwise, which would now estop it from pleading the bar of the statute of limitations. That is the conclusion to which the trial court came, and there is nothing in this record which would justify an appellate court in reversing that determination.

Finally, this Court recently decided in *Pastierik v. Duquesne Light Company, supra,* that the discovery rule does not function so as to extend the periods for filing actions under the current statutes of limitations for wrongful death and survival actions in Pennsylvania. That decision is controlling here.

Appellee's attorneys have little to complain about. After they received the requested information from Taylor Hospital, they waited over ten months to take any action. Such a

lack of diligence cannot be excused.[4]

Reversed.

NIX, C.J., concurs in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent, and in so doing, I reiterate the conclusion I reached in *Pastierik v. Duquesne Light Co.*, 514 Pa. 323, 526 A.2d 323 (1987) (Larsen, J., dissenting), that the discovery rule *is* applicable to a wrongful death action brought

**4.** Decedent herein died on October 20, 1979. On November 7, 1980, Superior Court decided that the discovery rule *did* apply to wrongful death and survivor actions in *Anthony v. Koppers Company, Inc.*, 284 Pa.Superior Ct. 81, 425 A.2d 428 (1980). It was this decision that was reversed by this Court in *Anthony v. Koppers Company, Inc., supra,* on October 29, 1981. Appellee herein filed suit on November 6, 1981, seventeen days beyond the running of the two year statute of limitations. The claim is made, albeit summarily, that Appellee was entitled to the benefit of the discovery rule as promulgated by Superior Court in its decision which was the law of Pennsylvania during much of the crucial period in question until later reversed by this Court. The argument is troubling but ultimately unpersuasive. It may be harsh to expect practicing attorneys to know which Superior Court opinions are on appeal to this Court and hence not finally dispositive of the questions at issue. Nevertheless, there is nothing in the record or briefs in this case which persuades us that Appellee's attorneys were reasonably entitled to rely on Superior Court's decision in *Anthony v. Koppers Company, Inc.* (See, R. 215a). That decision essentially established by judicial decree a grace period which had the effect of extending the limitations period for wrongful death and survival actions beyond the fixed one year clearly mandated by statute. We do not think Appellee's attorneys were entitled to rely on Superior Court's creation of such a grace period, directly contrary to the precise wording of the statute, unless and until this Court gave its approval (which we ultimately did not). Appellee's attorneys cannot legitimately claim that alleged mistaken reliance on the Superior Court opinion results in any fundamental unfairness because they had over ten months from the receipt of the hospital records to act with diligence, and they failed to do so.

> As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period.

*Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983).

pursuant to 42 Pa.C.S.A. § 5524(2). *See also, McGowan v. University of Scranton,* 759 F.2d 287 (3d Cir.1985). Because appellee, Barbara Molineux, could not have discovered that her brother was permitted to bleed to death in the hospital emergency room and that his death may have been the result of medical malpractice, until she received his hospital records, I would hold that the cause of action in this case did not accrue until December 23, 1980, and that the statutory period of limitations did not begin to run until that date.

Accordingly, I would affirm the Order of Superior Court and would permit appellee the right to amend her complaint to allege facts supporting her claim of delayed accrual, including the circumstances excusing delayed discovery.