674 A.2d 244

ROBBINS & SEVENTKO ORTHOPEDIC
SURGEONS, INC., Appellant,

v.

Jacques H. GEISENBERGER, Jr., S.R. Zimmerman, III, Robert Pfannebecker, and John R. Gibbel, Individually and t/a Geisenberger, Zimmerman, Pfannebecker & Gibbel.

Superior Court of Pennsylvania.

Argued Jan. 11, 1996.

Filed Feb. 26, 1996.

Reargument Denied May 1, 1996.

368

John W. Craynok, West Chester, for appellant.

Kevin Canavan, Philadelphia, for appellees.

Before KELLY and POPOVICH, JJ., and MONTEMURO, J.*

MONTEMURO, Justice, Assigned.

Appellants, Robbins and Seventko Orthopedic Surgeons, Inc., bring this timely appeal from an order granting Appellees', Geisenberger, et al, Motion for Summary Judgment in the Court of Common Pleas of Lancaster County (Georgelis, J.). The issues on appeal concern when the statute of limitations begins to accrue in a legal malpractice action, and whether the trial court erred in failing to apply the equitable estoppel doctrine.

* Retired Justice assigned to Superior Court.

The relevant factual and procedural history as derived from the trial court's opinion are as follows: In 1976, the Appellants retained the Appellees' law firm to incorporate its practice as orthopedic surgeons, and to prepare and file an employee pension plan with the Internal Revenue Service (IRS). Appellants allege that the pension plan forms initially submitted to the IRS in September 1977 by Appellee, John Gibbel (Gibbel), were returned with instructions that they be resubmitted. On October 17, 1978, Appellee, S.R. Zimmerman, III (Zimmerman), amended and filed the plan with an Application for Determination. In 1981, the Appellees were discharged by Appellants for reasons unrelated to this case.

On May 4, 1983, the Appellants were informed by the IRS that the pension plan had failed to qualify, and that deductions made to it in 1976, 1977, 1978 and 1979 were disallowed. Appellants through their new counsel, Michael Kane, and accountant, James Rottmund, filed an administrative appeal with the IRS. On October 8, 1986, the Appellants reached a settlement with the IRS and submitted a Form 870–AD, Waiver of Restriction on Assessment and Collection (waiver). The IRS agreed to accept the amendments to the plan filed by Mr. Kane for 1978 and 1979. However, it refused to accept the amendments which related back to the years 1976 and 1977. On September 22, 1986, the IRS notified the Appellants that the waiver (Form 870–AD) had been accepted, and that its case, for tax years 1976 through 1979, was closed.

The Appellees were originally notified of the problem with the pension plan through a letter from the IRS dated February 24, 1986. On April 15, 1986, the Appellees informed the Appellants that they believed the IRS's objections to the plan were simple to amend. In January 1987, the Appellees agreed to hire another firm, Dechert, Price & Rhoads (Dechert), to amend the plan, and negotiate on behalf of the Appellants. On May 7, 1987, the Appellees forwarded a power of attorney, executed by the Appellants, to Dechert.

On January 21, 1988, the Appellees were contacted by Dechert and informed that the Appellants were precluded from amending and resubmitting the plan by their submission

of the waiver form. On December 12, 1988, the Appellants began this action through a Writ of Summons, filing a complaint on December 22, 1989. The complaint alleged that the Appellees were negligent in preparing and filing the employee pension plan with the IRS for the 1976 and 1977 tax years. The Appellees filed a Motion for Summary Judgment contending that the action was barred by the statute of limitations. The trial court granted the motion giving rise to the instant appeal.

The Appellants raise the following issues for our consideration:

I. Does the filing of Form 870–AD by Appellants' accountant end the process of administrative appeals with the IRS and begin the running of the statute of limitations against Appellants' claim that Appellees' negligence caused disallowance of deductions to their pension plan?

II. Where Appellants engaged Appellees' law firm to continue negotiations with IRS and to rectify the damage caused by their initial negligence, are Appellees estopped from asserting the bar of the statute of limitations until such time as they notify Appellants that the appeal process has ended?

■ Appellants assert that the trial court incorrectly concluded that the Appellees were entitled to summary judgment as a matter of law. Our standard of review in this matter is well settled. A trial court's order granting summary judgment will not be reversed unless it is established that the court committed an error of law or clearly abused its discretion. *Cochran v. GAF Corporation,* 542 Pa. 210, 215, 666 A.2d 245, 248 (1995) (citations omitted).

The first issue we must consider is when the statute of limitations in this legal malpractice action began to accrue. In support of their Motion for Summary Judgment, the Appellees argued that the statute began to run on May 4, 1983, the date the IRS notified the Appellants that the deductions for the pension plan were disallowed. The Appellees asserted that since the Appellants did not institute the malpractice suit until

December 12, 1988, it was barred by the applicable statute of limitations.[1]

By contrast, the Appellants contend that the statute of limitations was tolled during its administrative appeal with the IRS. They allege that the statute began to run on January 21, 1988, when the new firm hired by the Appellees advised them that the waiver form filed with the IRS precluded any further action. The Appellants argue that the statute should run from January 21, 1988, since at that time all appeals of the underlying claim were exhausted.

The trial court agreed with the Appellants that the statute was tolled during the administrative appeal process. *Trial Court Opinion,* April 5, 1995, P. 8. However, the court concluded that the statute began to accrue on September 22, 1986, when the IRS informed the Appellants that it had accepted their waiver. Because the malpractice action was not brought within two years of September 22, 1986, the trial court granted the Appellees' Motion for Summary Judgment.

■ We affirm the trial court's decision to grant Appellees' Motion for Summary Judgment. However, we conclude that the statute of limitations was not tolled during the Appellants' administrative appeal with the IRS. Therefore, the proper date of accrual in this case was May 4, 1983, when the IRS notified the Appellants that the deductions for the pension plan were disallowed.

■ In Pennsylvania, the occurrence rule is used to determine when the statute of limitations begins to run in a legal malpractice action. Under the occurrence rule, the statutory period commences upon the happening of the alleged breach of duty. *Bailey v. Tucker,* 533 Pa. 237, 251, 621 A.2d 108, 115 (1993). An exception to this rule is the equitable discovery rule which will be applied when the injured party is

1.  42 Pa.C.S.A. § 5524 states in pertinent part:
    The following actions and proceedings must be commenced within two years:

    (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

unable, despite the exercise of due diligence, to know of the injury or its cause. *Pocono Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). Lack of knowledge, mistake or misunderstanding, will not toll the running of the statute. *Id.* 503 Pa. at 85, 468 A.2d at 471.

The Appellants cite *Garcia v. Community Legal Services Corp.*, 362 Pa.Super. 484, 524 A.2d 980 (1987), to support their argument that the statute of limitations is tolled until all appeals for the underlying action have been exhausted. In *Garcia*, the appellant brought a legal malpractice cause of action against Community Legal Services (CLS). CLS represented the appellant in an action to obtain compensation for property damage. The statute of limitations on the property claim expired, and the appellant retained new counsel to reintroduce it. This second claim was dismissed on October 5, 1981. However, the appellant did not learn that it was dismissed until October 19, 1981, when the letter was translated from english into spanish. On October 6, 1983, the appellant brought a legal malpractice action against CLS, arguing in part that an appeal or pending appeal of the underlying action should toll the statute of limitations for the malpractice action.

The panel applied the occurrence rule, and determined that the harm occurred on June 27, 1979, when the initial claim was dismissed. However, because the appellant could not have reasonably discovered her injury at that point the court applied the discovery rule tolling the statute of limitations until October 5, 1981, when the appellant's present attorney received notice that the second claim had been dismissed.[2] *Garcia*, 362 Pa.Super. at 495, 524 A.2d at 985. Since the Appellant did not bring the legal malpractice action within two

2. In applying the discovery rule, the court opined that it would have been unreasonable for the appellant to have known that the underlying case was barred by the statute of limitations. At that time, the law was unsettled as to which statute of limitations applied to the underlying case. This was later reconciled in 1981, when our Court decided *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. 476, 434 A.2d 1243 (1981).

years of this date, the Appellees' Motion for Summary Judgment was granted.

After reaching this conclusion, the Court confronted the appellant's argument that the statute was tolled by the pendency of an appeal, concluding that this approach was not applicable in Pennsylvania. "This rationale is inapplicable to Pennsylvania because in our state courts, the limitation period begins to run when the alleged breach of duty occurs. It is tolled only until the injured party should reasonably have learned of this breach." *Garcia*, 362 Pa.Super. at 497, 524 A.2d at 986. The Court did cite a case in an occurrence jurisdiction where the statute of limitations was tolled during the pendency of an appeal but was careful to point out that this approach was not applicable to the instant case: "the argument has theoretical merit but is inapplicable to this case.... We do not hereby endorse this position in that it is not relevant to the situation before us." *Garcia*, 362 Pa.Super. at 498, 524 A.2d at 986–87. Accordingly, the Court's commentary concerning whether the pendency of an appeal tolls the statute of limitations is obiter dicta. While the Court mentioned this approach, it still *applied* the occurrence and discovery rules to determine when the statute of limitations began to accrue.

Pennsylvania has never adopted the approach postulated by the panel in *Garcia*, tolling the statute of limitations in a legal malpractice claim until the appeals of the underlying claim have been exhausted. Our Supreme Court rejected a similar argument in a criminal defense malpractice case, *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108 (1993). In *Bailey*, the plaintiffs asserted that their defense attorneys had committed legal malpractice which resulted in a conviction for one plaintiff and a longer sentence for the other. The Court was called upon to determine when the statute of limitations in a criminal defense malpractice case began to accrue.

To make this determination the Court employed the occurrence and discovery rules. *Bailey*, 533 Pa. at 252, 621 A.2d at 115. Applying the occurrence rule, the court determined that in a criminal case the time of the harm was the date of

sentencing. The court then applied the discovery rule tolling the statute of limitations until the defendant became aware that his attorney was responsible for the harm. The Court held that this occurred when the attorney client relationship was terminated. *Bailey,* 533 Pa. at 253, 621 A.2d at 116. Chief Justice Nix, writing for Justices Flaherty and Cappy, rejected the plaintiff's argument that the statute was tolled until the final resolution of the matters in the underlying the case (the direct appeal and collateral proceedings of the ineffective assistance of counsel claims).[3] *Bailey,* 533 Pa. at 253, 621 A.2d at 116.

While the Court did require a plaintiff to pursue post-trial remedies and obtain the relief that was dependent on the attorney's errors before the malpractice claim was cognizable, it did not exempt the plaintiff from filing the action within the prescribed statute of limitations period. *Bailey,* 533 Pa. at 251 n. 13, 621 A.2d at 115 n. 13. The Court explained:

> [w]e recognize the concern about the amount of claims that might clog the civil dockets. However, we feel that it is more important that we require these criminal defendants to file their claims within the statutory period to prevent any injustice to an attorney who has to defend a claim of malpractice many years after his relationship with the client ends.

*Bailey,* 533 Pa. at 252 n. 15, 621 A.2d at 115 n. 15.

In those instances where the malpractice claim must be filed before the post conviction process was completed, the Court directed an attorney defendant to interpose a preliminary objection on the grounds of demurrer. The trial court was then instructed to reserve its ruling until the post conviction process was resolved. *Bailey,* 533 Pa. at 251 n. 13, 621 A.2d at 115 n. 13.

---

**3.** Justice Zappala concurred, but agreed with Justice Nix that the limitations period for criminal defense malpractice actions began to run when the attorney client relationship ended, and was not tolled until the underlying claim was exhausted. *Bailey,* 533 Pa. at 254, 621 A.2d at 117.

The Appellants cite two federal cases to support their argument that the statute should not accrue when an appeal of the underlying case is pending, *Boerger v. Levin,* 812 F.Supp. 564 (E.D.Pa.1993), and *Bowman v. Abramson,* 545 F.Supp. 227 (E.D.Pa.1982). These cases are somewhat distinguishable since they concern the justiciability of a claim, not the accrual of the statute of limitations. In addition, we are not bound by the decisions of the lower federal courts. *Green v. Dolsky,* 433 Pa.Super. 556, 560, 641 A.2d 600, 602 (1994) (citations omitted).

■ Accordingly, we reject the Appellants' argument to toll the statute of limitations in a legal malpractice claim while an appeal of the underlying action is pending. In Pennsylvania, the method used to determine when the statute begins to accrue is the occurrence rule or the discovery rule when appropriate. This approach is consistent with our Court's previous decision in *Garcia,* and the reasoning of our Supreme Court in *Bailey.*

The statute of limitations is designed to balance two competing interests: avoiding stale claims and providing meaningful remedies for plaintiffs. If the statute of limitations were tolled pending an appeal of the underlying claim this balance would be disturbed:

> [t]he purpose of the statute would not be served if an attorney is kept in a state of breathless apprehension while a former client pursues appeals from the trial court, to the Court of Appeal, to the Supreme Court and then, if the client has the money and energy, to the United States Supreme Court, during which time memories fade, witnesses disappear or die, and evidence is lost.

*Laird v. Blacker,* 279 Cal.Rptr. 700 (1991).

The proper date of accrual of the malpractice action in this case is May 4, 1983. The alleged breach of duty took place in 1976 and 1977, when the forms for the pension plan were filed with the IRS. Applying the occurrence rule, the statute would begin to run at this point. However, it would be unreasonable to expect the Appellants to have learned of the

injury at this time. Therefore, it is proper to utilize the discovery rule. The Appellants acquired knowledge of the harm on May 4, 1983, when the IRS notified them that the pension deduction was disallowed. Accordingly, the statute began to accrue on that date.

■ The Appellants also assert that the trial court erred in failing to apply the doctrine of equitable estoppel which would have precluded the Appellees from asserting the statue of limitations as a defense. Where through fraud or concealment the defendant causes the plaintiff to relax his/her vigilance or deviate from his/her right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. *Molineux v. Reed,* 516 Pa. 398, 402, 532 A.2d 792, 794 (1987). The burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is on the Appellants. *Molineux,* 516 Pa. at 403, 532 A.2d at 794. The Appellants have failed to meet this burden. They have presented no evidence that the Appellees concealed evidence or that the Appellees made any misrepresentations whether intentional or negligent. In fact, the only evidence of concealment in the underlying matter was the Appellants' failure to inform the Appellees that they had filed the 807–AD waiver form with the I.R.S.. Accordingly, this argument is without merit.

For the foregoing reasons, we affirm the order of the trial court granting Appellees' Motion for Summary Judgment.

Order affirmed.