Ronald E. CROUSE, Sr. and Aliquippa Forge, Inc.

v.

CYCLOPS INDUSTRIES and Combined Cytemp Specialty Steel Division of Cyclops Industries, Appellants.

Superior Court of Pennsylvania.

Argued Oct. 23, 1997.

Filed Dec. 12, 1997.

Brian T. Himmel, Pittsburgh, for appellants.

Christopher M. DeVito, Cleveland, OH, for appellees.

Before TAMILIA, JOHNSON and BROSKY, JJ.

JOHNSON, Judge:

In this appeal, we are asked to determine whether a promissory estoppel claim involving a steel manufacturer's alleged promise to outsource some of its business to a certain forging facility is barred by the statute of limitations under 42 Pa.C.S. § 5525. The trial court entered judgment in favor of the forging facility, Ronald E. Crouse, Sr. and Aliquippa Forge, Inc. (collectively "Aliquippa Forge"), on Aliquippa Forge's promissory estoppel cause of action. The steel manufacturer, Cyclops Industries and the Combined Cytemp Specialty Steel Division of Cyclops Industries (collectively "Cytemp"), now appeal. Because we conclude that the four-year statute of limitations applies to this cause of action and that this period expired prior to the commencement of this action, we reverse.

Cytemp owned a dormant facility for forging steel in Aliquippa, Pennsylvania. Mr. Crouse, who was engaged in the steel business, expressed an interest to Cytemp in purchasing this facility as a complement to his existing operations. After some negotiation, the parties agreed to a purchase price on the contingency that Mr. Crouse acquire financing within six months. In preparing

the business plan necessary to obtain financing, Mr. Crouse learned that he needed a letter from Cytemp indicating that Cytemp would consider outsourcing some of its conversion work to the new forging facility, Aliquippa Forge Inc. In a letter dated January 12, 1987, Cytemp's president, John Buser stated that:

Cytemp is willing to commit to have Aliquippa Forge Inc. forge an average of 3 to 4 hundred thousand pounds per month on the Aliquippa facility provided price and delivery are competitive and the quality meets our requirements. Please be aware that we can not, and do not, guarantee a uniform flow in either quantity or type of forging to be done.

We look forward to working with you in developing a mutually beneficial business relationship and hope to be sending you our first lot of material in the near future.

N.T., January 30, 1996, at 51.

On January 31, 1987, Mr. Crouse and Cytemp executed an agreement of sale for the land and buildings of the facility and a separate agreement of sale for the equipment and machinery. Neither agreement referred to the outsourcing of conversion work described in Buser's January 12, 1987 letter. However, both agreements contained the following integration clause:

This Agreement and the exhibits attached hereto represent the entire understanding of the parties and supersede all prior written or oral agreements or understandings between the parties with respect to the transaction contemplated hereby. This agreement may be amended only in writing signed by both parties hereto.

N.T., January 30, 1996, at 60.

Aliquippa Forge commenced business operations in June 1987, and in September 1987, Cytemp ordered 291,969 pounds of conversion work from Aliquippa Forge. These amounts did not meet the quantities described in Mr. Buser's letter. Although Aliquippa Forge never received any complaints from Cytemp regarding the quality of the work performed, no other orders were made. Aliquippa Forge ceased doing business in February 1991.

On August 5, 1992, Aliquippa Forge commenced an action against Cytemp asserting causes of action for breach of contract, fraud, and promissory estoppel. In response, Cytemp pleaded the defense of the statute of limitations. Although the trial court was not persuaded, Cytemp preserved this defense in its motions for a compulsory nonsuit and for a directed verdict. The trial court then granted Cytemp's motion for a compulsory nonsuit with respect to the claim of fraud; however, it denied Cytemp's motions with respect to the claims of breach of contract and promissory estoppel. These causes of action were submitted to the jury, which granted recovery only on the promissory estoppel claim. Subsequently, both parties filed timely motions for post-trial relief: Cytemp alleged, in part, that the claims against it were barred by the statute of limitations, and Aliquippa Forge maintained that the trial court erred in entering a compulsory nonsuit on its claim of fraud. After judgment was entered, Cytemp filed this timely appeal. Aliquippa Forge filed a cross-appeal that was later discontinued.

Cytemp presents three contentions on appeal. First, Cytemp insists that the trial court erred as a matter of law in refusing to dismiss Aliquippa Forge's claim of promissory estoppel on the grounds that this cause of action was barred by the statute of limitations. Next, Cytemp argues that the trial court erred as a matter of law in permitting Aliquippa Forge to introduce parole evidence. Finally, Cytemp asserts that the trial court erred as a matter of law in refusing to dismiss the promissory estoppel claim because Aliquippa Forge failed to establish the elements of misrepresentation and reasonable reliance. Because we conclude that the statute of limitations had expired on Aliquippa Forge's claim of promissory estoppel, we find it unnecessary to address Cytemp's other claims.

In challenging the trial court's refusal to dismiss Aliquippa Forge's promissory estoppel cause of action, Cytemp insists that this claim is barred by the four-year limitations period set out in 42 Pa.C.S. § 5525. This provision establishes that:

The following actions and proceedings must be commenced within four years:

\* \* \* \* \*

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

\* \* \* \* \*

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7) [dealing with negotiable instruments], under seal or otherwise, except an action subject to another limitation specified in this subchapter.

 Cytemp contends that § 5525(4) governs Aliquippa Forge's claim because promissory estoppel creates a contract implied in law. *See Cole v. Lawrence,* 701 A.2d 987, 989 (Pa.Super.1997)(noting that a contract implied in law is subject to a four-year statute of limitations); *Ragnar Benson Inc. v. Bethel Mart Assoc.,* 308 Pa.Super. 405, 454 A.2d 599 (1982)(same). The phrase "contract implied in law," however, generally is intended to "designate certain legal obligations that are enforceable on the basis of unjust enrichment." JOHN EDWARD MURRAY, JR., MURRAY ON CONTRACTS, 35 (3d ed.1990). *See also Salvino Steel & Iron Works, Inc. v. Fletcher & Sons, Inc.,* 398 Pa.Super. 86, 92, 580 A.2d 853, 856 (1990)(explaining that a contract implied in law imposes a duty, in spite of the absence of an agreement, to remedy unjust enrichment). Despite the absence of the elements of a true contract, courts permit recovery under the theory of implied contract where one party confers a benefit upon another party and reasonably expects to be compensated in return. MURRAY, *supra,* at 35.

 Unlike the doctrine of implied contract, which provides for restitution in the absence of an enforceable agreement, promissory estoppel makes promises enforceable. Essentially, the doctrine of promissory estoppel, like consideration, serves as a contract-validating device. MURRAY, *supra,* at 286. *See Thatcher's Drug Store of West Goshen,*

*Inc. v. Consolidated Supermarkets, Inc.,* 535 Pa. 469, 476, 636 A.2d 156, 160 (1994)(noting that a promise unsupported by consideration is generally not enforceable, but may be enforceable under promissory estoppel); *Shoemaker v. Commonwealth Bank,* 700 A.2d 1003, 1006 (Pa.Super.1997)(same); *see also Robert Mallery Lumber Corp. v. B. & F. Assoc., Inc.,* 294 Pa.Super. 503, 512, 440 A.2d 579, 583 (1982)(noting that promissory estoppel has been characterized as a species of or a substitute for consideration); *Cardamone v. University of Pittsburgh,* 253 Pa.Super. 65, 74 n. 9, 384 A.2d 1228, 1233 n. 9 (1978)(same). A party seeking to establish a cause of action based on promissory estoppel must establish that: "(1) the promisor made a promise that he should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." *Shoemaker, supra.*

 Here, Aliquippa Forge is seeking to utilize promissory estoppel to recover damages for Cytemp's alleged breach of an express promise to provide Aliquippa Forge's facility with three to four hundred thousand pounds per month of outsourcing business. Insisting that promissory estoppel is essentially an equitable doctrine, Aliquippa Forge maintains that the appropriate limitations period is six years under 42 Pa.C.S. § 5527. This residual provision states that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." § 5527. Although we concede that promissory estoppel has its roots in equity (*see generally Fried v. Fisher,* 328 Pa. 497, 501, 196 A. 39, 41 (1938)), we conclude that promissory estoppel falls under the umbrella of contract law. *See Weber v. Bell Telephone Co. of Pa.,* 415 Pa. 292, 294, 203 A.2d 554, 555 (1964)(holding that the issue of whether a contract exists under promissory estoppel is grounded in contract law). As explained above, promissory estoppel validates agreements and turns them into enforceable contracts. This is the very thing

that Aliquippa Forge is attempting to accomplish here in trying to recover damages for Cytemp's failure to provide the business described in Mr. Buser's letter. Accordingly, we hold that Aliquippa Forge's claim seeking to enforce an agreement based on promissory estoppel is subject to the four-year limitations period established under § 5525(8).

Our next task is to apply the four-year statute of limitations to the facts of this case. Generally, in an action based on a contractual claim, the statute of limitations begins to run from the time of the breach. *Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc.*, 539 Pa. 390, 393, 652 A.2d 830, 832 (1995); *Cole, supra*, at 989. "Where the contract is a continuing one, the statute of limitations runs from the time when the breach occurs or when the contract is in some way terminated." *Cole, supra*, at 989. *See also Tenny v. Dauphin Deposit Bank and Trust*, 302 Pa.Super. 342, 347, 448 A.2d 1073, 1075 (1982). However, under the discovery rule, the statute of limitations only commences to run when the injured party becomes aware or reasonably should have been aware of his injury or its cause. *Pocono Int'l Raceway, Inc. v. Pocono Produce Inc.*, 503 Pa. 80, 84–86, 468 A.2d 468, 471 (1983); *Sadtler v. Jackson Cross Co.*, 402 Pa.Super. 492, 500, 587 A.2d 727, 731 (1991). The point in time at which the injured party should have been aware of his injury typically is determined by the fact-finder; however, "where the facts are so clear that reasonable minds cannot differ … the commencement of the limitation period [may] be determined as a matter of law." *Sadtler, supra*, at 501, 587 A.2d at 732.

In the instant case, Cytemp's first and only work order, which was placed in September 1987, did not meet the quantities described in Mr. Buser's letter. A reasonable person expecting to be presented with orders for three to four hundred thousand pounds of work per month would conclude that he or she had suffered an injury when no such orders were forthcoming. However, this lawsuit was commenced by Aliquippa Forge in August of 1992, almost five years after the initial breach. In an effort to explain its delay, Aliquippa Forge contends

that it was not expecting a monthly flow of business, but instead anticipated an average over time; thus, despite the absence of orders, it did not know a breach had occurred until the end of 1988. This assertion, however, is belied by the record. When the orders described in Mr. Buser's letter were not placed, Mr. Crouse expressed his dismay to Cytemp's vice president of operations in a letter dated November 24, 1987. N.T., *supra*, at 68. On the same day, Mr. Crouse wrote a letter to one of his creditors explaining that his present cash flow problems "were not because of poor planning but due to nonperformance of what [they] considered to be a firm commitment for half of [the] conversion work at Aliquippa Forge Inc.". *Id.* at 72–73. These statements indicate that Aliquippa Forge was aware of its alleged injury at least as early as the latter part of 1987.

Aliquippa Forge also maintains that the statute of limitations was tolled as a result of Cytemp's concealment, misrepresentation, and/or fraud. A defendant is estopped from invoking the bar of the statute of limitations where through fraud or concealment, the defendant causes the plaintiff to relax his vigilance. *Molineux v. Reed*, 516 Pa. 398, 402–03, 532 A.2d 792, 795 (1987); *Kingston Coal Co. v. Felton Mining Co.*, 456 Pa.Super. 270, 283, 690 A.2d 284, 290, *appeal denied*, 549 Pa. 702, 700 A.2d 441 (1997). The party asserting the fraud or concealment must establish fraud or concealment by clear, precise, and convincing evidence. *Molineux, supra*, at 403, 532 A.2d at 795; *Robbins & Seventko Orthopedic Surgeons Inc. v. Geisenberger*, 449 Pa.Super. 367, 377, 674 A.2d 244, 249 (1996). Here, Aliquippa Forge asserts that Cytemp's silence in the face of its repeated requests for outsource orders constituted acts of concealment. However, there is no evidence to suggest that this silence caused Aliquippa Forge to deviate from its right of inquiry. Cytemp made no assurances that more orders would be placed. Furthermore, despite the lack of any indication from Cytemp of a willingness to do business, Aliquippa Forge continued to seek satisfaction from Cytemp. Accordingly, we conclude that reasonable minds could not

disagree that Aliquippa Forge should have been aware of its injury before the end of 1987. Because this lawsuit was not commenced until August of 1992, Aliquippa Forge's cause of action for promissory estoppel is barred by the statute of limitations.

As explained above, our conclusion that any recovery by Aliquippa Forge is barred by the statute of limitations, makes it unnecessary to determine whether the trial court erred in admitting parole evidence or in refusing to dismiss the promissory estoppel claim on other grounds. Additionally, the discontinuance of Aliquippa Forge's cross-appeal leaves no further questions for review. Thus, additional proceedings are not required, and the entry of judgment is reversed.

Judgment **REVERSED.**