IEJ Corporation v. Laserow

*Edwin M. Goldsmith III,* for plaintiffs.
*Jonathan K. Hollin,* for defendants.

SHEPPARD JR., *J.,* October 25, 2005—In this action plaintiffs, IEJ Corporation and Ilyas M. Shah a/k/a Alberto Del Bello are suing defendants, Irving J. Laserow CPA and Bassman, Laserow, Sternbert & Buckman P.C. a/k/a Bassman, Laserow & Co., alleging accountant malpractice. Presently before the court are the parties' respective motions for summary judgment. For the reasons discussed, defendants' motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied.

## BACKGROUND

Ilyas M. Shah a/k/a Alberto Del Bello is the sole owner and chief operating officer of IEJ Corporation. IEJ Corporation owns and operates Il Portico Restaurant in Philadelphia. Defendants are accountants who represented plaintiffs in a City of Philadelphia tax audit which began

in 1998 and concluded in August 1999. On August 23, 1999, the City of Philadelphia forwarded an audit notice to IEJ Corporation, which was received on August 26, 1999. The audit resulted in an increase in IEJ Corporation's tax liability for the years 1995 to 1997, assessing additional taxes in the amount of $72,393.32, plus interest of $11,166.41 and penalties of $22,529.19, for a total obligation of $106,088.92.

On or about September 3, 1999, Shah instructed IEJ Corporation's bookkeeper, Ingrid Villegas, to fax the audit notice to Fred Loew of Bassman Laserow. (Exhibit "I"; exhibit "J" March 10, 2005 pp. 34-35.)[1]

Sometime in October 1999, the accountant-client relationship between plaintiffs and defendants ended. The parties dispute the exact date the relationship terminated. According to plaintiffs' motion and attached time records, there are no activity listings after November 1999.[2] Further, the account ledger also attached to plaintiffs' motion shows no change in the account receivables after the period ending September 30, 1999. Plaintiffs hired Frank J. Vellucci CPA as its new accountant. Vellucci

---

1. Defendants claim that they responded to this letter by phone and fax dated September 8, 1999. (Exhibit "K.") The letter informed Shah that the notice was the result of the city's audit, that the last day to appeal was October 19, 1999, and that Shah should seek legal advice or inform his new accountant. *Id.* Plaintiffs dispute receiving this letter.

2. Although the transaction listing notes a meeting between Shah and plaintiffs on November 17, 1999, plaintiffs were not charged for this meeting. The entry provides "Meeting with Al Shah at our office. Al signed termination letter. Review city tax audit and all other outstanding tax and accounting issues." (Exhibit "D" to plts. mt. for SJ.)

began performing services for plaintiffs in October 1999. (Exhibit "J" dfts. mt. for SJ; dep. of Frank J. Vellucci, p. 34.)

From August 23, 1999 to February 2002, the City of Philadelphia forwarded numerous tax delinquent notices to plaintiffs which included the assessed taxes plus additional delinquent taxes, interest and penalties that had accrued. Shah described the delinquent notices as a "rain shower of notices." (Exhibit "B" dfts. mt. for SJ; dep. of Shah, p. 306.)

On February 25, 2002, the City of Philadelphia instituted suit against plaintiffs for the delinquent taxes, assessed as a result of the audit. The city obtained summary judgment in the amount of $169,000 against IEJ Corporation on July 10, 2002. No judgment has been entered against Shah.

On March 4, 2004, plaintiffs instituted this malpractice action against defendants, alleging that defendants failed to properly represent plaintiffs in the city audit, failed to handle the necessary appeal or take the steps necessary to permit plaintiffs' appeal, and misrepresented the status of the audit. In September 2004, plaintiffs filed a second amended complaint asserting claims for negligent malpractice (Count I), contractual malpractice (Count II), negligent misrepresentation (Count III) and breach of fiduciary duty (Count IV). Defendants filed a counterclaim, seeking to recover $23,061 which represents the outstanding balance due on services rendered as of October 1, 1999.

The parties have now filed motions for summary judgment based on the statute of limitations.

## DISCUSSION

### I. *Standard of Review*

Pennsylvania Rule of Civil Procedure 1035.2 provides two bases for the entry of summary judgment prior to trial. Summary judgment may be properly granted while discovery is still pending where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." *Manzetti v. Mercy Hospital of Pittsburgh*, 741 A.2d 827, 831 (Pa. Commw. 1999) (quoting Pa.R.C.P 1035.2(1)). Additionally, "after the [close] of discovery relevant to the motion, [summary judgment is also appropriate if] an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action . . . which in a jury trial would require the issues to be submitted to a jury." *Matthews v. Clarion Hospital,* 742 A.2d 1111, 1115, (Pa. Super. 1999) (quoting Pa.R.C.P. 1035.2(2)).

The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Walinsky v. St. Nicholas Ukrainian Catholic Church,* 740 A.2d 318, 320 n.3 (Pa. Commw. 1999). In determining whether to grant summary judgment, a trial court must examine the record in a light most favorable to the non-movant and resolve all doubts against the moving party. *Doe v. Philadelphia Community Health Alternatives Aids Task Force,* 745 A.2d 25, 27 (Pa. Super. 2000). The entry of summary judgment is warranted only in those cases where the right is clear and free from doubt. *Kee v. Pennsylva-*

*nia Turnpike Commission,* 743 A.2d 546, 549 (Pa. Commw. 1999).

## II. *Defendants' Motion for Summary Judgment Is Granted Since the Statute of Limitations Bar Plaintiffs' Tort and Contract Claims*

Defendants move to dismiss plaintiffs' claims on the ground of the applicable statutes of limitations. Plaintiffs' claims sound both in tort (negligence, negligent misrepresentation and breach of fiduciary duty) and in contract. The applicable statutes of limitations are two and four years, respectively. See 42 Pa.C.S. §§5524, 5525.

Defendants argue that the statute of limitations began to run on August 26, 1999, the date plaintiffs received the audit notice from the city. Defendants contend that at that time plaintiffs knew or should have known that the defendants' erroneous advice had caused them injury.

Plaintiffs, on the other hand, maintain that they did not know they were injured by defendants until February 2002 when the City of Philadelphia filed the action seeking payment for the delinquent amount assessed. Plaintiffs assert that the defendants led them to believe that the audit had not been completed.

Generally, the statute of limitations begins to run "as soon as the right to institute and maintain a suit arises . . . ." *Pocono International Raceway Inc. v. Pocono Produce Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). In other words, the statute of limitations is "triggered upon the occurrence of the alleged breach of duty." *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super.

69, 76, 658 A.2d 423, 426 (Pa. Super. 1995). "[L]ack of knowledge, mistake, or misunderstanding does not toll the running of the statute of limitations . . . ." *Pocono International Raceway v. Pocono Produce,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983).

One exception to the general rule is the "discovery rule." The discovery rule is applicable when a plaintiff is completely unable, despite the exercise of due diligence, to discover an injury. *Colonna v. Rice,* 445 Pa. Super. 1, 664 A.2d 979 (1995). The "discovery rule" provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible.

Our Supreme Court has explained that "reasonable diligence" is not an absolute standard. *Fine v. Checcio,* 582 Pa. 253, 267, 870 A.2d 850, 858 (2005). Rather, reasonable diligence is "what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised." *Id.* Although reasonable diligence is an objective test, it must remain "sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question." *Id.* A party's actions must be evaluated to determine "whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others." *Id.*

When presented with an assertion that the discovery rule applies, a court must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. *Id.* Because this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily it is a question for the jury. *Id.* However, where reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines as a matter of law that the discovery rule does not apply. *Id.*

In addition to the discovery rule, the doctrine of fraudulent concealment also tolls the running of the statute of limitations. *Id.* The doctrine is based on estoppel and provides that a defendant may not invoke the statute of limitations if, through fraud or concealment, he caused the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. The doctrine does not require "intent to deceive" but only "unintentional deception." *Fine, supra.* Thus, the doctrine captures unintentional conduct on a defendant's part. "Mere mistake, misunderstanding or lack of knowledge is insufficient however . . . and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party." *Molineux v. Reed,* 516 Pa. 398, 403, 532 A.2d 792, 794 (1987).

"[I]n order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied." *Kingston Coal Co. v. Felton Mining Co. Inc.,* 456 Pa. Super. 270, 284, 690

A.2d 284, 291 (1997). Thus, in determining whether the doctrine of fraudulent concealment tolls the statute of limitations, the court must focus on whether there has been some affirmative independent act of concealment on behalf of the defendants and, if so, whether plaintiffs justifiably relied on that affirmative independent act of concealment.

The reasonable diligence standard for determining the application of the discovery rule is the same threshold test for determining whether the doctrine of fraudulent concealment tolls the statute of limitations. *Fine v. Checcio,* 870 A.2d 850 at 860.

Here, plaintiffs rely upon both the discovery rule and estoppel (the doctrine of fraudulent concealment) to toll the statute of limitations for its claims against defendants. This court finds that plaintiffs failed to produce sufficient evidence to support the application of either exception.

## A. The Discovery Rule

While a strict application of the limitations period would commence at the time the plaintiffs received the audit notice, that is August 26, 1999, plaintiffs argue that they did not discover their injury until the City of Philadelphia served its suit on March 7, 2002. In support, plaintiffs claim that from August 26, 1999 to March 7, 2002 the defendants assured them that the audit had not been completed. The evidence of record, however, does not support this position.

The record demonstrates that plaintiffs received notice of the assessment on August 26, 1999. The notice

states, "The enclosed tax bill represents the additional tax due as a result of changes made in the course of our audit of your Philadelphia Business and/or Wage Tax Returns . . . If you do not agree with this assessment, you must file a petition before the Tax Review Board within 60 days after the mailing of the enclosed bill." (Exhibit "C".) Shah testified that he found the contents of this notice to be clear. (Exhibit "1" to dfts. reply to plts. response to dfts. mt. for SJ p. 268.)

Thus, as of August 26, 1999, plaintiffs possessed sufficient information to reasonably conclude that the audit was complete and that the appeal period expired within 60 days after the bill was mailed. The audit notice should have prompted plaintiffs to conduct some independent inquiry or investigation to ascertain whether the audit was, indeed, complete. Shah did take positive action in that he sent the notice to defendants. (Exhibit "I".) Whether defendants responded to this fax is not dispositive, since the audit notice dated August 26, 1999, was not the only notice plaintiffs received. Plaintiffs received numerous subsequent delinquency notices. These notices should have reasonably alerted plaintiffs that defendants had not taken any action with respect to the original notice. At this point, plaintiffs should have contacted the city or their new accountant. An injured party must use reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. Here, the plaintiffs failed to do so.

This court submits that reasonable minds would find that plaintiffs should have known that defendants failed

to take any action with respect to the notice within the appeal period and that harm would result. Accordingly, the court finds as a matter of law that the discovery rule does not apply to toll the statute of limitations.

## B. Fraudulent Concealment

Plaintiffs also maintain that defendants should be estopped from asserting the statute of limitations as a defense since they intentionally and willfully gave assurances to plaintiffs that the city audit had not been completed. In order to rely upon fraudulent concealment, plaintiffs must present evidence that is clear, precise and convincing. The *only* evidence relied upon by plaintiffs is an affidavit signed by defendant Irving H. Laserow CPA.[3] The court finds that this affidavit fails to satisfy plaintiffs' burden.

This affidavit was submitted in the enforcement action in April 2003, in order to defeat a motion for summary judgment filed by the city. It clearly constitutes a litigation tool used to support plaintiffs' defense that they never received the notices.

---

3. The pertinent portions of the affidavit state:

"(3) The audit was never completed because the question of the time that these workers supposedly engaged by IEJ had not been resolved, and to my knowledge no final assessment occurred.

"(4) On June 25, 1999, I wrote a letter and sent the attached letter to the auditor, Vivienne Pettus, on the assumption that no final assessment had been made.

"(5) Ms. Pettus did not respond to my letter.

"(6) I never received any notice of final assessment, nor do I have any knowledge that such a notice was sent to IEJ." Exhibit "A".

A review of the affidavit reveals that it fails to describe any affirmative acts taken by Laserow or his accounting firm to mislead or divert plaintiffs' attention from discovering whether the audit was complete. Notably absent are any averments by Laserow that he or any representative from defendants *actually communicated* with plaintiffs and informed them that the city's audit was not complete. The affidavit does not say Laserow informed plaintiffs that the audit was incomplete or that he made such representations continually. Rather, it is a hindsight perspective of Laserow's understanding of the audit's status in April 2003. Plaintiffs' reliance upon Laserow's mistake, misunderstanding or lack of knowledge concerning the status of the audit as set forth in the affidavit is not sufficient evidence of fraudulent concealment See *Molineux v. Reed,* 516 Pa. 398, 402-403, 532 A.2d 792, 794 (1987).

Additionally, plaintiffs' reliance upon the statements contained within the affidavit is not justified, particularly in light of the fact that plaintiffs continued to receive a "rain shower" of delinquent tax notices, terminated their accountant-client relationship with defendants as of October 1999, and hired a new accountant.

Since plaintiffs have failed to put forward any clear, precise or convincing evidence of affirmative, independent and continuous acts by defendants to divert or mislead them from discovering that the audit was complete, the court finds that the doctrine of fraudulent concealment does not apply.

Accordingly defendants' motion for summary judgment is granted and the second amended complaint is dismissed against all defendants.

### III. *Plaintiffs' Motion for Summary Judgment Is Moot*

Defendants filed a counterclaim against plaintiffs' seeking to obtain payment for the balance of services provided to plaintiffs as of October 1999. Plaintiffs now move this court to dismiss said claim on the basis of the statute of limitations. In response, defendants argue that the claim is for setoff and recoupment in the event judgment is entered in plaintiffs' favor on their claims against defendants. In that defendants' motion for summary judgment is granted and disposes of all claims against plaintiffs, defendants' counterclaim for setoff and recoupment is also dismissed. Accordingly, plaintiffs' motion for summary judgment is denied as moot.

### CONCLUSION

Based on the foregoing, defendants' motion for summary judgment is granted and plaintiffs' second amended complaint is dismissed against all defendants and plaintiffs' motion for summary judgment is denied.

A contemporaneous order consistent with this opinion will be entered of record.

### ORDER

And now, October 25, 2005, upon consideration of defendants Irving Laserow CPA and Bassman, Laserow, Sternberg & Buckman P.C. a/k/a Bassman, Laserow & Co. P.C.'s motion for summary judgment and plaintiffs' motion for summary judgment to defendants' counterclaim, the respective responses in opposition and mem-

oranda, all matters of record and in accord with the contemporaneously filed opinion, it is ordered that

(1) Defendants' motion for summary judgment is granted and the second amended complaint is dismissed against all defendants.

(2) Plaintiffs' motion for summary judgment is denied.