J-A13016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| DORIS SANDERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DRS OF ERIE COUNTY., INC. | : | No. 852 WDA 2024 |

Appeal from the Order Entered June 17, 2024
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
12498-21

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: April 17, 2025**

Appellant, Doris Sanders, appeals *pro se* from the order entered on June 17, 2024, which granted the motion for summary judgment filed on behalf of the defendant, DRS of Erie County (hereinafter "the Defendant").  We affirm.

Appellant filed a complaint against the Defendant and claimed that, in 2019, the Defendant was performing work on a property that was close to her house.  Appellant's Complaint, 1/24/22, at ¶ 3.  According to Appellant, the Defendant hired a company named Finney and Sons to provide dumpsters for the project and, at all relevant times, Finney and Sons was acting as the Defendant's agent.  *Id.* at ¶¶ 4-5.  Appellant claimed that, while performing the work, Finney and Sons negligently moved large dumpsters onto and off of Appellant's own driveway and caused $8,220.00 of damage to her driveway. *Id.* at ¶¶ 7-9.

When discovery was completed, the Defendant filed a motion for summary judgment and claimed that it was entitled to judgment in its favor. As the Defendant argued, Appellant sued it for the harm allegedly caused by non-party Finney and Sons – and Appellant based her cause of action upon the theory that Finney and Sons was the Defendant's agent. *See* the Defendant's Summary Judgment Motion, 8/17/23, at ¶ 4. The Defendant contended, however, that Finney and Sons was not its agent and that the record contained no evidence supporting Appellant's claim to the contrary. *See id.* at ¶¶ 8-17.

On June 17, 2024, the trial court granted the Defendant's summary judgment motion, based upon the ground that Appellant "failed to produce sufficient facts upon which a jury could conclude there existed an agency relationship between the Defendant and [Finney and Sons]." Trial Court Order, 6/17/24, at 1.

Appellant filed a timely notice of appeal. She raises two claims to this Court:

> 1. The [trial court] erred by violating [Appellant's rights under the] Fifth Amendment of the United States Constitution by not allowing due process in her civil lawsuit[.]
>
> 2. The [trial court] erred by violating [Appellant's rights under the] Seventh Amendment of the United States Constitution when [it] denied [Appellant] a jury trial in her civil lawsuit[.]

Appellant's Brief at 7-8 (some capitalization omitted).

First, Appellant claims that the trial court violated her due process rights when, during argument on the Defendant's motion for summary judgment, the trial court would not allow her to present live witness testimony. **See id.** at 7. Appellant's claim fails, as the trial court scheduled **oral argument** on the Defendant's motion for summary judgment – not an evidentiary hearing or a trial. **See**, **e.g.**, Trial Court Order, 9/28/23, at 1 (scheduling argument on the Defendant's summary judgment motion). Thus, the trial court properly held that live witness testimony was inappropriate during the scheduled oral argument on the summary judgment motion. **See Molineux v. Reed**, 532 A.2d 792, 793-794 (Pa. 1987) (holding: the Pennsylvania Rules of Civil Procedure "dealing with the 'motion for summary judgment' make[] no provision for a factual hearing. . . . A hearing to take the testimony of witnesses, where any party is free to call witnesses, takes the matter beyond the realm of summary judgment because the factfinder has now been given the opportunity to weigh evidence and determine credibility, if necessary").

Next, Appellant claims that the trial court's grant of summary judgment denied her constitutional right to a jury trial under the Seventh Amendment. **See** Appellant's Brief at 8-9. This claim fails. As the United States Court of Appeals for the Eleventh Circuit explained:

> The [United States] Supreme Court made clear long ago that "summary judgment does not violate the Seventh Amendment." **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 336 (1979) (citing **Fid. & Deposit Co. v. United States**, 187 U.S. 315, 319-320 (1902)). And [the Eleventh Circuit has] held that "[i]t is beyond question that a district

- 3 -

court may grant summary judgment where the material facts concerning a claim cannot reasonably be disputed." ***Garvie v. City of Fort Walton Beach***, 366 F.3d 1186, 1190 (11th Cir. 2004). "Even though [a grant of summary judgment] prevents the parties from having a jury rule upon [the] facts," a jury trial is unnecessary "when the pertinent facts are obvious and indisputable from the record[] [and] the only remaining truly debatable matters are legal questions that a court is competent to address." ***Id.***

***Jefferson v. Sewon America, Inc.***, 891 F.3d 911, 919-920 (11th Cir. 2018).

Here, the trial court granted the Defendant's summary judgment motion on the ground that Appellant "failed to produce evidence of facts essential to the cause of action . . . which in a jury trial would require the issues to be submitted to a jury." ***See*** Pa.R.C.P. 1035.2(2); ***see also*** Trial Court Order, 6/17/24, at 1. Since the summary judgment procedure is constitutional and since Appellant does not claim that the trial court erred in applying the facts to the law, Appellant's claim on appeal fails.

Order affirmed. Jurisdiction relinquished. Case removed from the May 2025 argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/17/2025