ZULICK, J.,
This matter comes before the court on defendants’ preliminary objections to plaintiff’s complaint. Plaintiff Holistic Fitness New Era, L.L.C. (Holistic) filed its complaint sounding in breach of contract and fraud on January 8, 2015. Holistic alleges it entered into a contract for services with Local Flair, Inc. (Local Flair) on May 22, 2014, and that Local Flair did not perform its duties according to the contract or the later supplemental contract. Alternatively Holistic seeks to recover damages based on unjust enrichment and/or promissory estoppel. Holistic additionally alleges that Alexandra Schratt, the president of Local Flair, acted individually in regards to its claims for unjust enrichment, promissory estoppel, and fraud.
Defendants Local Flair and Alexandra Schratt filed preliminary objections on February 4,2015, asserting that *323 the complaint was legally insufficient, raising a demurrer as to Counts Two through Five (promissory estoppel against both defendants; unjust enrichment against both defendants; fraud against both defendants; and misrepresentation against both defendants), and moving to strike allegations for lack of specificity. All parties filed briefs, and oral arguments were held in this court on April 6, 2015.
The facts as alleged in the complaint are as follows. On May 22, 2014, “the parties entered into a written contract for services, including inter alia, logo design, packaging labels, website design, product brochure design, search engine optimization and social media implementation.” Complaint ¶ 7. Half of the payment, $6,937.50, was due at signing, which Holistic paid to Local Flair by check. Id. at ¶8. The contract also provided that one-fourth of the payment, $3,468.75, was due to Local Flair upon design approval, which Holistic paid on June 25, 2014. Id. at ¶ 10-11. On August 28, 2014, the parties entered into a supplemental contract which provided that $2,000 was due to Local Flair for the installation and configuration of an online “shopping cart” and website design. Id. at ¶ 12-13. Holistic paid $1,000 upon signing, pursuant to the supplemental contract. Complaint at ¶ 14-15.
Holistic paid $4,468.75 to Local Flair on September 19, 2014; this amount included the final one-fourth payment of the initial contract and the second half of the payment for the supplemental contract. Id. at ¶ 16. Holistic alleges that it paid $15,875.00 in total to Local Flair. Id. at ¶ 17. Local *324 Flair performed less than half of its duties, and the work that was completed was done in a “shoddy, unworkmanlike manner.” Id. at ¶ 25. Holistic additionally alleges that Local Flair and Ms. Schratt misrepresented that they “possessed the requisite e-commerce, search engine optimization, and social media experience to complete the project as described in the contract within the timeframe described in the contract.” Id. at ¶ 42. Holistic hired additional companies and individuals to complete the work. Id. at 19-21. Because Holistic historically generated in excess of $194,982.51 during the second half of each calendar year, Holistic requests damages, including expectation damages, in excess of $60,000.
DISCUSSION
1. Legal Insufficiency of Pleading as to Ms. Schratt
First, the defendants assert the insufficiency of the complaint as to Ms. Schratt, arguing that Holistic contracted with and paid the corporation, Local Flair, Inc.[1]
There is a strong presumption in Pennsylvania against piercing the corporate veil.... When making the determination of whether to pierce the corporate veil, the court ‘must start from the general rule that the corporate entity should be recognized and upheld, • unless specific, unusual, circumstances call for an *325 exception.’... ‘Care should be taken on all occasions to avoid making the entire theory of corporate entity useless.’
Miners, Inc. v. Alpine Equipment Corp., 722 A.2d 691, 694 (Pa. Super. 1998).
Here, however, Holistic argues it is not attempting to pierce the corporate veil. Rather, Ms. Schratt is liable as an officer of the corporation for her individual actions under participation liability as recognized in Pennsylvania. “To impose liability on a corporate officer pursuant to the participation theory, a plaintiff must establish that the corporate officer engaged in misfeasance, i.e., ‘the improper performance of an act....’ However, a corporate officer cannot be held personally liable for nonfeasance, i.e., ‘the omission of an act which a person ought to do....’” Shay v. Flight C Helicopter Services, Inc., 822 A.2d 1, 17 (Pa. Super. 2003).
Fraud is the only misfeasance alleged in the complaint that could include Ms. Schratt under a participation theory of liability. The written agreement at issue here names Holistic and Local Flair as the parties, and Ms. Schratt consistently signed the documents as a representative of Local Flair. See Plaintiff’s Exhibits A-F. Holistic made its checks out to Local Flair, Inc. and not Ms. Schratt personally. Id. Thus, as will be discussed below, Ms. Schratt should not be included under the claims of unjust enrichment or promissory estoppel, because there is no indication in the complaint that she was enriched or was a party to any promise or agreement. However, as discussed *326 below, fraud is averred sufficiently in the complaint, and it amounts to a wrongful act on the part of Ms. Schratt as well as the corporation itself, exposing Ms. Schratt to possible liability under the participation theory. This preliminary objection will be sustained in part and denied in part.
2. Demurrer as to Count II Promissory Estoppel
The defendants next raise a demurrer to promissory estoppel as it relates to Ms. Schratt individually. The standard for demurrer is “whether, on the facts averred, the law says with certainty that no recovery is possible.” Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co., 613 A.2d 1235, 1238 (Pa. Super. 1992). “Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.” Id.
Where there is no enforceable agreement between the parties because the agreement is not supported by consideration, the doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment, restatement *403 (Second) Contracts § 90; see, e.g., Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. Super. 1997). In order to maintain an action in promissory estoppel, the aggrieved party must show that 1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or *327 refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise. Id. As promissory estoppel is invoked in order to avoid injustice, it permits an equitable remedy to a contract dispute.
Crouse v. Cyclops Industries, 745 A.2d 606, 609 (Pa. Super. 2000).
As discussed supra, Holistic has failed to aver that Ms. Schratt was ever individually a party to any promise or agreement regarding the present dispute. This preliminary objection will be sustained.
3. Demurrer as to Count III Unjust Enrichment of Ms. Schratt
The defendants raise a demurrer as to Holistic’s claim for unjust enrichment. Again, they argue that there is no averment that Ms. Schratt was enriched individually at all. “Where unjust enrichment is found, the law implies a contract, referred to as either a quasi contract or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred. In short, the defendant makes restitution to the plaintiff in quantum meruit...” Schenck v. K.E. David, Ltd., 666 A.2d 327, 328-29 (Pa. Super. 1995).
Holistic has failed to aver that Ms. Schratt was unjustly enriched. All of Holistic’s payments were made to Local Flair, Inc., not Ms. Schratt personally. Holistic has averred that Ms. Schratt “acted in both her individual capacity and in her capacity as President of Defendant Local Flair, Inc., *328 with total disregard to the corporate structure,” Complaint at ¶ 6; however, such language is conclusory and does not amount to a sufficient averment. Lumax Industries, Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995) (“In order to withstand a demurrer, the pleader must state what [a party] allegedly did that would bring her actions within the parameters of a cause of action based on a theory of piercing the corporate veil”). This preliminary objection will be sustained on this basis.
Defendants argue alternatively that Holistic’s claim for unjust enrichment should be stricken as barred by the gist of the action doctrine. “[T]he “gist of the action” doctrine[...] operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims.” Hart v. Arnold, 884 A.2d 316, 339 (Pa. Super. 2005). However, unjust enrichment is not a tort; rather, it falls under contract law as an alternative claim if a valid contract does not exist. See Schenck v. K.E. David, Ltd., 666 A.2d 327, 328-29 (Pa. Super. 1995).
The gist of the action doctrine precludes claims for allegedly tortious conduct where the gist of the action sounds in contract rather than tort.... This doctrine does not apply to alternative causes of action based upon implied or constructive contracts, such as the claims for unjust enrichment or promissory estoppel pled by plaintiffs....
J.K. Roller Architects, L.L.C. v. Tower Investments, Inc., 2003 WL 1848101 @ 1 (Pa.Com.PI. 2003).
*329 Thus, unjust enrichment in this case is not barred by the gist of the action doctrine.
4. Demurrer as to Count IV Fraud
The defendants raise a demurrer as to Holistic’s claim for fraud against both defendants. “Fraud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture....” Woodward v. Dietrich, 548 A.2d 301, 304 (Pa. Super. 1988).
The elements of intentional misrepresentation or fraud are as follows:
(1) A representation;
(2) which is material to the transaction at hand;
(3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;
(4) with the intent of misleading another into relying on it;
(5) justifiable reliance on the misrepresentation; and,
(6) the resulting injury was proximately caused by the reliance.
Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999).
For purposes of pleading, “[a] negations of fraud require pleading with particularity.” Sevin v. Kelshaw, 611 A.2d *330 1232, 1235 (Pa. Super. 1992).
While it is impossible to establish precise standards as to the degree of particularity required in a given situation, two conditions must always be met. The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge.
Bata v. Central-Penn National Bank of Philadelphia, 224 A.2d 174, 179 (Pa. 1966).
“[Pleading with particularity] means that the facts constituting fraud must be alleged.... What is prohibited is the allegation of fraud in a pleading as a mere legal conclusion without alleging the facts to support it.” Borelli v. Barthel, 211 A.2d 11, 14 (Pa. Super. 1965).
Here, Holistic has sufficiently pled intentional misrepresentation with particularity. Holistic averred that Local Flair and/or Ms. Schratt made false representations about their skill concerning social media, web design, etc.; second, that expertise was material to services addressed by the contracts; third, Holistic alleges that Local Flair and/or Ms. Schratt misrepresented Ms. Schratt’s personal skill in those areas, thus indicating that Ms. Schratt, the only officer of Local Flair, knew she did not have those skills; fourth, Holistic alleges that the misrepresentations caused it to enter into the contract; fifth, Holistic justifiably relied on those representations as to Ms. Schratt’s and/ or Local Flair’s personal expertise; and sixth, Holistic’s *331 alleged damages were averred to be caused by Local Flair’s failure to complete the duties under the contract. This preliminary objection will be denied.
5. Demurrer as to Count V Misrepresentation
The defendants object to CountV- Misrepresentation as to Ms. Schratt, because Ms. Schratt made representations only in her capacity as an agent. However, as argued by Holistic and detailed supra, Ms. Schratt may be liable individually under participation liability. Misrepresentation constitutes misfeasance, and as Ms. Schratt is Local Flair’s sole officer, Holistic has sufficiently pled a claim of misrepresentation against Ms. Schratt.
However, intentional misrepresentation is synonymous with fraud, and there is no indication in the pleadings that Holistic alleged a different type of misrepresentation under Count V. As the averments under Count V are identical to those under Count IV for no apparent purpose, this preliminary objection will be granted.
6. Motion to Strike Allegations for Lack of Specificity
The defendants move to strike paragraphs 6, 7, 12, 20, 25, 28, 29, and 31 of the complaint for lack of specificity. “Pennsylvania is a fact-pleading jurisdiction. A complaint must therefore not only give the defendant notice of what the plaintiffs’ claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim.” Sevin v. Kelshaw, 611 A.2d 1232, 1235 (Pa. Super. 1992); see also Feigley v. Dep’t of Corr., 872 A.2d 189 (Pa. Cmwlth. 2005) (specific *332 averments, rather than mere notice pleading, are required in cases within this court’s original jurisdiction).
Paragraph 6 alleges that Ms. Schratt “acted in both her individual capacity and in her capacity as President of Defendant Local Flair, Inc., with total disregard to the corporate structure.” This language is boilerplate, as addressed supra, and Holistic does not detail why the corporate veil should be pierced along with alleging fraud against Ms. Schratt under participation liability. This objection will be granted.
Paragraph 7 states, “on May 22, 2014, the parties entered into a written contract for services....” The defendants object to the use of the word “parties,” as there are two defendants and it is unclear with whom Holistic contracted. This is not specific language given the multiple parties in the case, and this objection will be granted.
Paragraph 12 states, “the parties entered into a supplemental contract on August 28, 2014...,” Again, the use of the word “parties” in this context is unclear, and the objection will be sustained.
Paragraph 20 states, “the defendants failed to perform their duties as required by the contract or the supplemental contract,” and the defendants argue that Holistic has not referred to the duties not performed. The standard for specificity in pleadings is to allege sufficient information to allow the defendants to prepare a defense, and
A cause of action for breach of contract must be established by pleading (1) the existence of a contract, *333 including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. See Gen. State Auth. v. Coleman Cable & Wire Co., ...365 A.2d 1347, 1349 (Pa. Cmwlth. 1976). While not every term of a contract must be stated in complete detail, every element must be specifically pleaded.
CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. 1999).
Here, Holistic should have alleged the duties the defendant(s) failed to perform, as that information is essential to preparing a defense. This objection will be sustained, and the language should be amended.
Paragraph 25 states the defendant breached the contracts by “failing to complete the contract work; less than half (1/2) the work was performed; and...performing the work that was done in a shoddy, unworkmanlike manner, requiring it to be redone.” Again, this averment does not detail sufficient facts concerning the work completed or not completed. This objection will be sustained, and the language should be amended.
Paragraph 28 states, “due to defendant’s failure to complete the project by the stated deadline, plaintiff suffered expectation damages for the months of June through present.” Here, the defendants argue “what were the plaintiff’s expectations? Further, if the work was ‘redone’ as plaintiff alleges, how can expectation damages continue to the present?” “[Wjhen a breach of contract occurs, the law protects a party’s expectation interest ‘by *334 attempting to put [that party] in as good a position as he would have been had the contract been performed, that is, had there been no breach.”’ Newman Development Group of Pottstown, L.L.C. v. Genuardi’s Family Market, Inc., 98 A.3d 645, 659 (Pa. Super. 2014). Holistic will be required to specifically state the amount of revenues lost as a result of defendant’s breach, also being specific as to the timing of the losses.
Defendants have objected to the specificity of Paragraph 29 concerning current expectation losses. Again, plaintiff will be ordered to provide a more specific pleading as was required for Paragraph 28.
Finally, Paragraph 31 states, “in the event the court concludes that the contract(s) is(are) invalid or do not exist, defendants’ promise of performance and acceptance of payment constitutes promissory estoppel.” The defendants argue that Holistic has failed to allege the promises made by either Ms. Schratt or Local Flair; however, it is clear from the complaint that those promises are those alleged to be included in the written agreements between the parties. This preliminary objection does not have merit.
ORDER
And now, this 21st day of April, 2015, upon consideration of defendants’ preliminary objections and the briefs and arguments of both parties, it is ordered as follows:
1. The demurrer to Count II-Promissory Estoppel as it relates to Ms. Schratt is sustained;
*335 2. The demurrer as to Count Ill-Unjust Enrichment as it relates to Ms. Schratt is sustained;
3. The demurrer as to Count IV-Fraud is denied;
5. The demurrer to Count V-Misrepresentation is granted, and that count is dismissed as duplicative;
6. The motion to strike the allegations of Paragraphs 6, 12, 20, 25, 28 and 29 for lack of specificity is granted for the reasons set forth in the accompanying opinion;
7. Defendants’ other preliminary objections are denied;
8. Plaintiff shall have twenty days to file an amended complaint in accordance with the rulings in this order.

. Alexandra Schratt has signed the documents as “Ali Schratt, Local Flair,” without any indication of Local Flair’s corporate status, and Local Flair’s letterhead states only “Local Flair Creative.” However, Holistic has made payments to Local Flair, Inc., and the parties do not dispute Local Flair’s status as a corporation. See Plaintiff’s Exhibits A-F.