J-S19025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| XCBOB'S PARTS & ACCESSORIES, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ED TUCKER DISTRIBUTING, INC., T/D/B/A TUCKER ROCKY, | |
| Appellee | No. 1389 MDA 2016 |

Appeal from the Order Entered August 8, 2016
In the Court of Common Pleas of Snyder County
Civil Division at No(s): CV-0390-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 21, 2017**

Appellant, XCBOB's Parts & Accessories, Inc. ("XCBOB"), appeals from the August 8, 2016 order granting Appellee's, Ed Tucker Distributing, Inc., t/d/b/a Tucker Rocky ("Tucker Rocky"), motion for summary judgment and dismissing Appellant's complaint with prejudice.  We affirm.

The parties were in a long-standing relationship based upon an oral contract, whereby XCBOB, who sold motorcycle and ATV parts online, bought these parts from Tucker Rocky, who is a distributor/manufacturer of

---

[*] Former Justice specially assigned to the Superior Court.

these parts.[1] Following Tucker Rocky's refusal to allow XCBOB to purchase its products in June of 2015, XCBOB filed suit, alleging a breach of contract claim, a detrimental reliance/promissory estoppel claim, and demanding judgment in excess of $50,000. Subsequently, Tucker Rocky filed a motion for summary judgment, which was granted by the trial court.

XCBOB filed this appeal, and now raises the following two issues for our review:

> 1. Whether the trial court erred as a matter of law when it granted [Tucker Rocky's] [m]otion for [s]ummary [j]udgment on the basis that the parties' contract was terminable at any time by either party?
>
> 2. Whether the trial court erred as a matter of law when it granted [Tucker Rocky's] [m]otion for [s]ummary [j]udgment on the count for promissory estoppel?

XCBOB's brief at 7.[2]

> "Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is

---

[1] The business arrangement existed from 2008 until 2015 with purchases by XCBOB over that period totaling more than $1,720,000. **See** Trial Court Opinion (TCO), 8/8/16, at 1.

[2] We note that in its brief, Tucker Rocky requests that XCBOB's appeal be dismissed because XCBOB's brief was filed three days late even after this Court had granted several extensions and provided new due dates. **See** Pa.R.A.P. 2188 ("If an appellant fails to file his … brief … within the time prescribed by these rules, or with the time as extended, an appellee may move for dismissal of the matter."). However, because Tucker Rocky failed to allege prejudice, we decline to dismiss this appeal. **See Stewart v. Stewart**, 745 A.2d 955, 956 (Pa. Super. 1999).

established that the court committed an error of law or abused its discretion." ***Universal Health Services, Inc. v. Pennsylvania Property and Casualty Insurance Guaranty Assoc.***, 884 A.2d 889, 892 (Pa. Super. 2005) (citation omitted).

> The entry of summary judgment is proper whenever no genuine issue of any material fact exists as to a necessary element of the cause of action. The moving party's right to summary judgment must be clear and free from doubt. We examine the record, which consists of all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party.

> ***LJL Transp., Inc. v. Pilot Air Freight Corp.***, 599 Pa. 546, 962 A.2d 639, 647 (Pa. 2009) (citations omitted).

***Krapf v. St. Luke's Hospital***, 4 A.3d 642, 649 (Pa. Super. 2010), *appeal denied*, 34 A.3d 831 (Pa. 2011).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough opinion authored by the Honorable Michael T. Hudock of the Court of Common Pleas of Snyder County, dated August 8, 2016. We conclude that Judge Hudock's well-reasoned opinion accurately disposes of the two issues presented by XCBOB on appeal and we discern no abuse of discretion or error of law. ***See*** TCO at 5-6. Accordingly, we adopt Judge Hudock's opinion as our own for purposes of further appellate review and affirm the order from which this appeal arose.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2017

FILED

AUG 8 8 2016

PROTHONOTARY AND CLERK OF COURTS
SNYDER COUNTY

| | | |
|---|---|---|
| XCBOB, INC., | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff | : | OF THE 17TH JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| | : | SNYDER COUNTY BRANCH |
| v. | : | |
| | : | |
| ED TUCKER DISTRIBUTING, INC. | : | CIVIL ACTION -- LAW |
| t/d/b/a TUCKER ROCKY, | : | |
|     Defendant | : | NO. CV-390-2015 |

## OPINION

HUDOCK, P.J., August 8, 2016

Plaintiff, a corporation, is an online seller of motorcycle and ATV parts. Defendant, a corporation, is a distributer/manufacturer of motorcycle and ATV parts. Plaintiff applied online to become a dealer of Defendant, Tucker Rocky parts. Contained in the application were photos of a physical storefront out of which Plaintiff proposed to operate. Plaintiff asserts, after its application, it was visited by one of Defendant's regional sale representatives. At all times, Plaintiff operated its business out of its owner's home. Plaintiff asserts it entered into an oral distribution contract with Defendant wherein Plaintiff purchased products at discounted prices. Plaintiff ordered parts from the Defendant from 2008 until 2015. Plaintiff's purchases in that time totaled in excess of $1,720,000.00. Beginning in February 2015, Defendant raised concerns with Plaintiff's overall sales and lack of store front. Plaintiff alleges, on June 26, 2015 Defendant barred Plaintiff from online ordering of the Defendant's products. Plaintiff raises: a) A breach of contract claim alleging an oral contract that required mutual consent to terminate; b) A detrimental Reliance/Promissory Estoppel

1

claim, alleging Plaintiff relied on Defendant's promise to supply the products and Plaintiff suffered a loss as result. Plaintiff demands judgment in an amount in excess of $50,000.00.

Defendant filed an Answer with New Matter in which it admits to a business relationship with Plaintiff but specifically denies it barred Plaintiff from online purchases. Defendant raises the defense of Fraud in the Inducement because the Plaintiff operated out of its owner's home and Unjust Enrichment because Plaintiff received discounts to which it was not entitled.

Defendant has filed a Motion for Summary Judgment in which it requests the entry of judgment in its favor and against the Plaintiff. For reasons explained herein, we will grant Defendant's Motion.

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery..." 42 Pa.R.C.P. No. 1035.2(1). "...[A] motion for summary judgment is based on an evidentiary record which entitles the moving party to judgment as a matter of law." *Note.* "In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such judgment is clear and free from doubt." *Swords v. Harleysville Ins. Co.*, 883 A.2d 562, 566—67 (Pa.2005)(citations omitted).

The record supporting Defendant's Motion consists of the pleadings filed by both parties and "deemed admissions." Defendant attached to the Motion a copy of "Defendant's First Request for Admissions Addressed to Plaintiff." [See, Defendant's Motion for Summary Judgment, Exhibit "A"].

2

Requests for admissions are governed by Pa.R.C.P. No.4014 which states in pertinent part: "A party may serve upon any party a written request for admission...of the truth of any matters within the scope of Rules 4003.1 and 4003.5...The matter is deemed admitted unless within thirty days after service of the requests, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or objections, signed by the party or by the party's attorney." 42 Pa.R.C.P. No. 4014(a), (b). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." 42 Pa.R.C.P. No. 4014(d).[1]

In the instant motion, Defendant avers that as Plaintiff has failed to admit, deny or object within thirty (30) days after the date of service, the Requests for Admissions are now deemed admitted pursuant to Pa.R.Civ.P. 4014. To the extent that Plaintiff has neither answered nor objected to the Request for Admissions attached to the Motion, the factual statements set forth therein are deemed admitted by operation of Rule 4014. Accordingly, Plaintiff has admitted the following pertaining to the Credit Application submitted by Plaintiff to the Defendant: a) The photographs attached are authentic; b) the photographs are an authentic pictures of a sign that was attached to a brick and mortar building; c) Plaintiff submitted the photos to Tucker Rocky; d) Plaintiff filled out the document attached.

Defendant asserts that Plaintiff bore the burden of proving the breach of contract, and that to avoid entry of summary judgment, it could not simply rely upon its pleadings. *See* Pa.R.C.P. 1035.2(2) (providing for summary judgment if "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense"). It alleges that Plaintiff offered no proof of a contractual relationship with Defendant.

---

[1] The Court would note Plaintiff references their intention to serve Defendant Answer to the Discovery. No motions were filed with the Court, nor were the purported Answers filed for the Court's review.

3

The Superior Court held in *Lackner v. Glosser*, 892 A.2d 21, 24 (Pa.Super. 2006), in order "[t]o maintain a cause of action in breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." Plaintiff has met the initial burden of proving a contractual relationship with Defendant. Plaintiff has pleaded a contract wherein Plaintiff distributed principally Defendant's products, and provided evidence of those products and agreed prices. Plaintiff has asserted Defendant's duty to provide the products at the proposed prices, and alleged damages for the loss of the distribution contract.

Defendant argues that Plaintiff's claims are barred by the Statute of Frauds under the Uniform Commercial Code 13 Pa.C.S. §2201(a). Plaintiff asserts the parties' oral contract was documented by subsequent "emails and written sheets". *See* Exhibit A of Plaintiff's Answer to the Motion for Summary Judgment. Whether these writings are found to be sufficient to satisfy the UCC or in the alternative represent a writing confirming a contract between merchants rests on factual determinations not yet in the record.

Defendant asserts the defense of fraud in the inducement in response to Plaintiff's breach of contract claim. Defendant avers the deemed admissions "essentially admit" their claim of fraud in the inducement. The elements of fraud in the inducement are:

(1) A representation;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(4) with the intent of misleading another into relying on it;

(5) justifiable reliance on the misrepresentation; and,

(6) the resulting injury was proximately caused by the reliance.

4

*Bortz v. Noon*, 556 Pa. 489, 729 A.2d 555, 560 (Pa, 1999).

The Court cannot agree that through the deemed admissions and pleadings alone Defendant has proven Fraud in the Inducement. Plaintiff admits to filling out the application and providing the photographs. The Court cannot determine whether the alleged representation of a "brick and mortar" storefront was material to the transaction given the parties continuing business relationship for years in absence of a storefront. Nor can the Court determine the Plaintiff's intent at this juncture.

Defendant argues that, if the contract exists, it was terminable at will of either party pursuant to 13 Pa.C.S. §2309(b) which reads: (b) *Duration of provision for successive performances.* Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but unless otherwise agreed may be terminated at any time by either party. The Court must agree that any contract that may have existed between the parties did not express its duration and was therefore terminable by either party at any time. The Court grants the motion for summary judgment in favor of Defendant on this basis. Plaintiff alleges Defendant's breach was that act of its termination of the contract. Absent a specific term, the parties alleged contract was terminable at will of either party. Plaintiff's claim for breach of contract is dismissed. The Court will not determine whether the contract fails for its vagueness as this determination is unnecessary.

Plaintiff's next claim is for promissory estoppel. The doctrine of promissory estoppel permits a claimant to enforce a promise in the absence of consideration. *Shoemaker v. Commonwealth Bank*, 700 A.2d 1003 (Pa. Super. 1997).

> To maintain a promissory estoppel action a claimant must aver the following elements: "(1) the promisor made a promise that [it] should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." *Id.* at 1006; *see also Crouse v. Cyclops Industries*, 560 Pa. 394, 403, 745 A.2d 606, 611 (2000) (noting that elements of promissory estoppel claim sound in contract for purpose of determining applicable statute of limitations).

5

Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 717-718 (Pa. Super. Ct. 2005)

Plaintiff avers Defendant promised to allow Plaintiff to purchase whatever amounts of Tucker Rocky products it wished to buy at discounted rates. In the Complaint, Plaintiff fails to aver that the Defendant should have reasonably expected the promise would induce action or forbearance on the part of Plaintiff. Plaintiff does not aver Defendant required the Plaintiff to stop using his other suppliers or even that the Defendant become the Plaintiff's principal supplier. Plaintiff does not aver that he cannot use other suppliers, and even concedes that now, it relies on other suppliers. Plaintiff has not pleaded an unavoidable injustice because of his necessity to use other suppliers.

Therefore, Defendant's Motion for Summary Judgment is granted. Plaintiff's complaint is dismissed with prejudice.

BY THE COURT:

MICHAEL T. HUDOCK, P. J.

c: James L. Best, Esquire
Scott N. Godes, Esquire
The Honorable Louise O. Knight, S.J.
Jenna A. Neidig, Esquire
Plaintiff
Defendant

e-copy: The Honorable Michael H. Sholley, J.

6