**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHARLES TALBERT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PENNSYLVANIA PRISON SOCIETY, | : | No. 1403 WDA 2024 |
| ET AL. | : | |

Appeal from the Order Dated July 31, 2024
In the Court of Common Pleas of Forest County
Civil Division at No. CD 62 of 2023, QA-4727

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                   **FILED: April 10, 2025**

Charles Talbert (Appellant) appeals *pro se*[1] from the order sustaining preliminary objections filed by the Pennsylvania Prison Society, et al. (PPS), and dismissing Appellant's complaint with prejudice.  We affirm.

*Case History & Application for Relief*

Appellant is an inmate who "was transferred between prisons several times during the pendency of this action."  Trial Court Opinion (TCO), 9/4/24, at 1 n.1.  PPS is "an entity with a mission to advance the health, safety, and dignity of incarcerated individuals."  ***Id.*** at 1.

On September 8, 2023, Appellant filed a complaint raising claims of fraudulent misrepresentation and vicarious liability against PPS and Desiree

_____

[1] Appellant has been self-represented throughout this case.

Cunningham (Ms. Cunningham), who "is, or was, a volunteer for PPS." *Id.*

In the complaint,

> [Appellant] claim[ed] that on May 4, 2023, [Ms.] Cunningham telephoned him while he was incarcerated at SCI Phoenix. [Appellant] allege[d] that [she] stated to him that the [Department of Corrections (DOC)] was "abusing" him and that she would call him every week to check up on him. He also allege[d] that [Ms.] Cunningham represented to him that PPS would "intervene and have lawyers sue the DOC to get [him] out of disciplinary custody status." These alleged statements, and the alleged subsequent inaction by PPS, form the entire factual basis for [Appellant's c]omplaint.

*Id.* at 2 (citations and footnote omitted).

After Appellant filed his complaint, the case "followed a rather tortured procedural course" which has little bearing on this appeal. *Id.* Pertinently, PPS filed preliminary objections on March 7, 2024. PPS explained:

> PPS, together with more than 300 volunteers, provides direct assistance to incarcerated people and their families. When PPS receives a request for help, it dispatches a staff person or volunteer prison monitor to listen, problem-solve and, if merited, advocate for help with prison officials. PPS is not a legal organization and thus cannot provide legal advice or assistance relating to an individual's case and sentence.

Brief in Support of Preliminary Objections, 3/7/24, at 1.

PPS argued that Appellant did not "assert any plausible claim," and requested dismissal of the complaint. *Id.* at 1-2. PPS noted that Appellant claimed fraudulent misrepresentation by Ms. Cunningham, and PPS's vicarious liability for Ms. Cunningham's actions. *Id.* at 4. PPS asserted, *inter alia*, that Appellant's fraudulent misrepresentation claim "lack[ed] requisite particularity," and could not "sustain a vicarious liability claim." *Id.* at 6.

Appellant filed a response on June 10, 2024, and the trial court heard argument on July 31, 2024.  Counsel for PPS argued:

> [Appellant's] allegations in the complaint are inadequate to maintain a cause of action for fraudulent misrepresentation, and therefore, without the underlying cause of action, we don't believe we can be held vicariously liable.
>
> Your Honor, in his complaint, [Appellant] identifies three alleged statements purportedly made by Ms. Cunningham that form the basis of his fraudulent misrepresentation claim….
>
> [Appellant] alleges[, one,] that Ms. Cunningham allegedly told him that based on [his] representations, the [DOC] was abusing him.
>
> [Two,] Ms. Cunningham allegedly told [Appellant] she would call [him] every week to check up on him.
>
> And, three, Ms. Cunningham allegedly told [Appellant] that [PPS] would investigate and have its lawyers get involved to stop the abuse.
>
> Sir, none of these three alleged statements are of the type that are typically sufficient to sustain a cause of action for fraudulent misrepresentation.  As the [c]ourt is likely aware, a cause of action for fraud must be based on fact, whether … past or present, and promises of future acts don't typically constitute a valid fraud claim.

N.T., 7/31/24, at 4-6.

In response, Appellant stated that he was seeking "compensatory damages in an amount in excess of $50,000 as well as punitive damages." *Id.* at 13.  He explained that he "was emotionally hurt by [Ms. Cunningham's] actions of calling and checking on my welfare, by her saying she's going to help me out [but] not doing anything for me.  That's the argument here." *Id.* at 17.

- 3 -

Following argument, the trial court advised Appellant that the "elements that are crucial to a claim for fraudulent misrepresentation aren't present in your case." *Id.* at 19. The court reasoned:

I really don't need to get to the vicarious liability … because I find based upon your complaint, the statements – and I'm believing your complaint that Ms. Cunningham contacted you, she made those three statements and there was no follow-up. …

[However, e]ven if those facts are true, it simply doesn't meet [all] the elements of fraudulent misrepresentation and, frankly, I'm not sure if it meets any of those elements.

And I understand your concern about ongoing mistreatment in your mind, but, again, that's not a direct result of Ms. Cunningham not calling you every week. That's a result of conduct by a different entity, the DOC and their representatives.

*Id.* at 20. The court further found that "based upon the assertions[,] there's no way even an amended complaint could set forth any cause of action for fraudulent misrepresentation and vicarious liability." *Id.* at 21. Thus, the court granted PPS's preliminary objections and dismissed Appellant's complaint with prejudice.

Appellant filed a timely appeal on August 5, 2024.[2] Appellant filed a Pa.R.A.P. 1925(b) concise statement on August 28, 2024, and the trial court filed its opinion on September 4, 2024.

_____

[2] Although the court advised Appellant he could "appeal to the Pennsylvania Superior Court within thirty (30) days," he filed his appeal in Commonwealth Court. Order, 7/31/24. When the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement, it noted the appeal should be with "Superior Court[,] not … Commonwealth Court…." Order, 8/9/24 (emphasis omitted). On November 4, 2024, the Commonwealth Court transferred the appeal to

*(Footnote Continued Next Page)*

Notably, Appellant has filed a motion in this Court, asking that we strike PPS's brief. The request is based on Appellant's claim that PPS's brief contains "false and fraudulent representations." Application for Relief, 2/10/25, at 1. Appellant claims "at no time has [PPS] provided Appellant any assistance." *Id.*

In response, PPS states:

> PPS volunteers communicated directly with [Appellant] before and after the filing of his underlying lawsuit, and, despite the filing of the lawsuit and the pendency of this appeal, PPS remains committed to assisting and advocating for [Appellant] in any way that it can.
>
> Accordingly, PPS respectfully requests that the Court deny [Appellant's] Motion.

Answer to Application for Relief, 2/18/25, at 1. Upon review, we deny Appellant's request to strike PPS's brief.

*Discussion*

Appellant raises three related issues for review:

1. Whether the trial court committed legal error and/or abused its discretion by failing to deem … Ms. Cunningham's promises to [Appellant] as fraudulent, where evidence of record can demonstrate that they were represented to mislead him?

2. Whether the trial court committed legal error and/or abused its discretion by failing to deem [Appellant] to be induced by … Ms. Cunningham's promises to him[?]

---

this Court. Order, 11/4/24 (stating Commonwealth Court lacked jurisdiction because Appellant "is appealing the dismissal of his [c]omplaint alleging fraudulent representation and vicarious liability").

3. Whether the trial court committed legal error and/or abused its discretion by sustaining [PPS's] preliminary objections as to [Appellant's] claim of vicarious liability by committing legal error and/or abusing its discretion in sustaining … preliminary objections as to [Appellant's] claim of fraudulent misrepresentation[?]

Appellant's Brief at 6.

In each of his issues, Appellant challenges the trial court's determination that he failed to set forth causes of action for fraudulent misrepresentation and vicarious liability. Appellant claims the trial court erred "by failing to deem Ms. Cunningham's promises to [Appellant] as fraudulent misrepresentations." *Id.* at 13. PPS counters that the court "correctly held[ that Appellant] failed to plead any of the elements necessary to state a claim for fraudulent misrepresentation[, and his] secondary claim for vicarious liability … fails because vicarious liability is not an independent cause of action and cannot survive without the underlying fraudulent misrepresentation claim." PPS's Brief at 6. PPS states "that, on the facts averred, no recovery is possible." *Id.*

This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. *Khalil v. Cole*, 240 A.3d 996, 1000 (Pa. Super. 2020). In reviewing an order sustaining preliminary objections, this Court must determine "whether, on the facts averred, the law says with certainty that no recovery is possible." *Linn v. Perrotti*, 308 A.3d 885, 888 (Pa. Super. 2024) (citation omitted). We have explained:

When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted). "It is well-established that a plaintiff must provide sufficient factual averments in his o[r] her complaint to sustain a cause of action." *Id.* at 942.

Fraudulent misrepresentation requires a plaintiff to prove:

(1) a representation; (2) that is material to the transaction at issue; (3) made falsely, with knowledge of its falsity or reckless disregard as to whether it is true or false; (4) with the intent to mislead another person into relying on it; (5) justifiable reliance; and (6) an injury proximately caused by the reliance.

*Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 645–46 (Pa. 2021). The assertion of fraud "shall be averred with particularity." Pa.R.Civ.P. 1019(b). We have explained that Rule 1019(b) is meant "to protect those against whom generalized and unsupported fraud may be levied." *Presbyterian Med. Ctr. v. Budd*, 832 A.2d 1066, 1072 (Pa. Super. 2003) (citations omitted). Averments of fraud may be "meaningless epithets unless sufficient facts are set forth." *Id.* (citing *Bata v. Central–Penn Nat. Bank of Philadelphia*, 224 A.2d 174, 179 (Pa. 1966)).

In finding that Appellant failed to plead a cause of action for fraudulent misrepresentation, the trial court explained:

[Appellant] failed to assert several of the elements necessary to set forth a claim for fraudulent misrepresentation. The asserted misrepresentations made by [Ms. Cunningham] for PPS are: 1)

- 7 -

PPS will contact [Appellant] regularly by telephone, and 2) PPS will have counsel intervene to assist [Appellant].

Scienter, or the maker's knowledge of the untrue character of his representation, is a key element in finding fraudulent misrepresentation. *See* Restatement (Second) of Torts § 526, Comment a. It is well-established that the breach of a promise to do something in the future is not actionable in fraud. ***Shoemaker v. Commonwealth Bank***, 700 A.2d 1003, 1006 (Pa. Super. 1997).

Here, [Ms. Cunningham] merely promised [Appellant] that [she or] PPS w[ould] keep in contact with [him] and advocate for him in the future. [Appellant] has not pled or averred [the third and fourth elements,] that [Ms. Cunningham] knew that her statements to him were false at the time she made them, nor was [she] reckless as to whether or not the statements were false. Therefore, [Appellant] fails to meet the third element of fraudulent misrepresentation. [Ms. Cunningham] promised, at best, advocacy on [Appellant's] behalf in the future[,] with no guarantee of success [or indication that she intended to mislead Appellant, as required by the fourth element]. PPS is an entity that has for a long period of time carried out the type of advocacy promised by [Ms. Cunningham], and there is no allegation in the [c]omplaint that [Ms. Cunningham] was falsely promising that PPS would carry out its mission with respect to [Appellant].

[Appellant] also fails to meet the f[if]th element of fraudulent misrepresentation. [He] does not aver that he justifiably relied upon the representations of [Ms. Cunningham]. Rather, he took no action following the statements. Moreover, pertaining to the [six]th element, [Appellant] does not assert any resulting injury. [He] simply pleads that the DOC continued with the alleged mistreatment in the same manner as prior to the interaction with PPS.

The purported mistreatment of [Appellant] was not proximately caused by [his] interactions with [Ms. Cunningham or] PPS[,] or lack of action … on his behalf, but rather … the result of the DOC's ongoing care and control of [Appellant] as an inmate incarcerated in a state correctional institution. [Appellant] has made no claim directly against the DOC regarding the conditions of his incarceration, but simply alleges that PPS has not properly intervened on his behalf.

TCO at 6-7. With respect to vicarious liability, the court added that because it "sustained the preliminary objection regarding the fraudulent misrepresentation claim, PPS is not vicariously liab[le] for [Ms. Cunningham's] action or inaction, as those actions do not establish an underlying cause of action." *Id.* at 7 (citing *McLaughlin v. Nahata*, 298 A.3d 384, 395 (Pa. 2023)).

Our review reveals no error or abuse of discretion by the trial court. We recognize that when "a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend." *Bronico v. Impact Counseling Servs., LLC*, 328 A.3d 487 (Pa. Super. 2024) (citation omitted). However, there are "cases where it is clear that amendment is impossible and where to extend leave to amend would be futile." *Id.* We agree with the trial court's determination that the complaint could not have been amended to state a viable cause of action. *See* N.T. at 21.

For the above reasons, we deny Appellant's application seeking to strike PPS's brief, and affirm the order granting PPS's preliminary objections and dismissing Appellant's complaint with prejudice.

Application for relief denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/10/2025