**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3050
_____

GREGORY MAKOZY, SR.,
                    Appellant

v.

MARTIN DIETZ; LAW OFFICE OF ROBERT O. LAMPL;
DAVID FUCHS; ELSIE R. LAMPL; ROBERT O. LAMPL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01090)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 25, 2022

Before: AMBRO, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 30, 2022)
_____

OPINION*
_____

**PER CURIAM**

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gregory Makozy, Sr., proceeding pro se, appeals from an order of the District Court dismissing his complaint. For the reasons discussed below, we will affirm the District Court's judgment.

In 2016, Makozy pleaded guilty to concealment of bankruptcy assets. He was sentenced to 30 months' imprisonment and ordered to pay restitution. He has since unsuccessfully attacked his sentence, restitution obligations, and a separate civil tax lien obtained against him by the Internal Revenue Service because of unpaid taxes. In 2019, Makozy brought this civil action against attorneys who represented him at various stages of the criminal and bankruptcy proceedings, alleging professional negligence and conspiracy to defraud that increased the risk of his conviction and the severity of his punishment, both in terms of incarceration and monetary penalties. The Defendants moved to dismiss the complaint or for summary judgment on the grounds that, among other things, Makozy's claims were barred by the relevant statutes of limitations. The District Court dismissed the complaint on that basis and denied Makozy's motion to amend his complaint. Makozy timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

State law supplies the statute of limitations and tolling principles applicable to Makozy's legal malpractice claims sounding in negligence and fraud. See In re Mushroom Transp. Co., Inc., 382 F.3d 325, 335–36 (3d Cir. 2004). Pennsylvania imposes a two-year statute of limitations on such claims. See 42 Pa. C.S.A. § 5524(7). Generally, the statute of limitations on those actions begins to run upon the occurrence of the alleged breach of duty. See Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 572–74 (Pa. Super. Ct. 2007). Mistake, misunderstanding, or lack of knowledge will not toll the running of the statute. See Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger, 674 A.2d 244, 246–47 (1996) (citation omitted).

Here, the District Court determined that the relevant "occurrence of the alleged breach of duty" was Makozy's sentencing proceeding on May 12, 2016.[1] Makozy filed the instant action on August 29, 2019, over three years later, rendering it facially untimely. However, the District Court noted that Makozy had brought a similar legal malpractice claim against the same Defendants in the Southern District of Florida on May 10, 2018, within the limitations period. The District Court then afforded Makozy

---

[1] Because that also was the date upon which Makozy could reasonably have been expected to discover his alleged injuries (that is, his period of incarceration and monetary penalties), the "discovery rule" had no tolling effect. See Robbins, 674 A.2d at 246 (explaining that the discovery rule tolls the date on which the limitations period runs "when the injured party is unable, despite the exercise of due diligence, to know of the injury or its cause"); see also Knopick v. Connelly, 639 F.3d 600, 614 (3d Cir. 2011) (applying Pennsylvania's discovery rule to a legal malpractice claim).

3

equitable tolling from the time he brought that action until it was dismissed for lack of subject-matter jurisdiction, at which point he was aware that the Southern District of Florida was the incorrect forum for his claims. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (explaining that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum"). Following that dismissal in September 2018, Makozy waited nearly another year to file this action, thus the District Court determined it was time barred. We agree.

Makozy makes only two arguments challenging the District Court's conclusion: (1) that the order of dismissal was "the first time the [District C]ourt ha[d] ever mentioned [the statute of limitations] because the Defendants mentioned it in their briefs [in support of summary judgment and dismissal]; and (2) that the limitations period should be tolled for the 30 months that he was incarcerated from May 16, 2016, to Jan 16, 2019. See Appellant Br. 2. We construe the first of these as a forfeiture argument, and find it unavailing, as the Defendants each properly presented their limitations defenses in their responsive motions. As to the second, Pennsylvania law is clear that a plaintiff's imprisonment does not toll a statute of limitations. See 42 Pa. Cons. Stat. § 5533(a).

Finally, the District Court properly denied Makozy's motion for leave to amend his complaint. See U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (explaining that we review a district court's denial of a motion for leave to amend for an abuse of discretion, but review the conclusion that amendment would be futile under a de novo standard). Because Makozy's proposed amended complaint, see ECF No. 17-1, made no attempt to address timeliness nor could it have cured the defects

4

discussed above, amendment would have been futile, <u>see</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997).

Accordingly, we will affirm the District Court's order.